O. W. GOOLSBY, and Paulette Goolsby, Plaintiffs,

v.

Laurie W. TOMLINSON, District Director of Internal Revenue, Florida District, and Ralph Maxwell, Collection Manager, Revenue Service, Miami Division, Defendants.

Civ. No. 65–344.

United States District Court
S. D. Florida.

Sept. 29, 1965.

William A. Meadows, Jr., U. S. Atty., Miami, Fla., Harry D. Shapiro, Trial Atty., Washington, D. C., for defendants.

Richard W. Roe, Fort Lauderdale, Fla., for plaintiffs.

CHOATE, District Judge.

This matter came on before the Court on Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Dismiss. The Court having considered the pleadings, affidavits and briefs of the parties finds that the plaintiff has failed to state a cause of action and accordingly the Defendants' Motion to Dismiss should be granted.

The facts are simple and not disputed. Plaintiffs brought this action to enjoin defendants and their agents from collecting or attempting to collect income tax assessments for the years 1961, 1962 and 1963.

On January 5, 1965, a statutory notice of deficiency, pursuant to Section 6212 of the Internal Revenue Code of 1954, asserting income tax liabilities for the years 1961, 1962 and 1963 was mailed to the plaintiffs. The deficiency notice was addressed as follows:

Mr. O. W. Goolsby and Mrs. Paulette Goolsby (husband and wife)
90 Miami Drive
Fort Lauderdale, Florida

The Goolsby address is 90 Nurmi Drive, Fort Lauderdale, Florida. The notice was received by the Goolsbys on January 8, 1965, three days after mailing. The address of the plaintiffs in the records of the Internal Revenue Service is 90 Nurmi Drive, Fort Lauderdale, Florida and all previous correspondence between the Service and the Goolsbys was correctly addressed to them at Nurmi Drive.

Plaintiff contends that the notice of deficiency failed to comply with Section 6212(a) of the Internal Revenue Code of 1954 and thus they are entitled to an injunction restraining the collection of taxes for the years involved.

It is apparent that the purpose of Section 6212 of the Internal Revenue Code is to provide the taxpayer with notice that a deficiency has been asserted by the Service so that the taxpayer may seek review by the Tax Court. When, as here, the taxpayer actually receives the notice, the purpose of the statute is fulfilled and the statute does not contemplate equitable relief for a mere scrivener's error. See C. I. R. v. Stewart, 186 F.2d 239, 24 A.L.R.2d 793, (C.A.6d); Boren v. Riddell, 241 F.2d 670 (C.A.9).

Plaintiffs rely upon this Court's decision in William C. and Phoebe Green v. Tomlinson, unreported (1960). In Green the notice was mailed to a former address of the plaintiffs and forwarded to the taxpayer's residence and received by them after the statute of limitations had expired. Here the notice was mailed to the taxpayers at their address as shown in the records of the Service and despite a typographical error in the address, the notice was received by them within the three days of mailing and within the period of the statute of limitations which did not expire until April 15, 1965.

For the reasons stated, it is

Ordered and adjudged that the Motion to Dismiss should be and the same is hereby granted and this cause is dismissed with prejudice.