404 F.2d 668
 Milton BERGER and Ruth K. Berger (Deceased), Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
PENNSYLVANIA PAPYRUS CORPORATION, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
Joseph YOVANOVICH and Ann Yovanovich, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 17107-17109.
 United States Court of Appeals Third Circuit.
 Argued September 26, 1968.
 Decided November 29, 1968.
 Rehearing Denied December 26, 1968.
 As Amended December 27, 1968.
 
 Jules I. Whitman, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for petitioners; Richard L. Levy, Philadelphia, Pa., of counsel.
 Stephen H. Hutzelman, Appellate Section, Tax Division, Dept. of Justice, Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., for respondent.
 Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 These three petitions for review, which were consolidated for argument here as they were at the trial in the Tax Court, present two questions for consideration. One is whether the notices of income tax deficiency which the Commissioner sent to the taxpayers were directed to the statutory "last known address", and the other is whether the notices were in any event effective because the taxpayers and their designated attorney admittedly received them in the regular course of the mail.
 
 
 2
 The problems presented grow out of § 6212 of the Internal Revenue Code of 1954 which provides for notice of a deficiency in income tax:
 
 
 3
 "§ 6212. Notice of deficiency
 
 
 4
 "(a) In general. — If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed [on income] * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.
 
 
 5
 "(b) Address for notice of deficiency. —
 
 
 6
 "(1) Income and gift taxes. — In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed [on income] * * *, if mailed to the taxpayer at his last known address, shall be sufficient * * * even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."
 
 I.
 
 7
 The Internal Revenue Service questioned the tax treatment in the 1960, 1961 and 1962 income tax returns of Pennsylvania Papyrus Corporation,[1] Milton and Ruth K. Berger and Joseph and Anna Yovanovich of alleged royalty payments made by the corporation to the individuals. On April 30, 1965, the District Director of Internal Revenue at Newark, New Jersey, mailed so-called "30-day letters" regarding the controversy to the taxpayers at the addresses given on their returns.[2] On May 18, 1965 Jules I. Whitman, Esquire, wrote to the Service that he had been retained as attorney for the taxpayers and requested an extension of time for filing a protest because he had been unable to obtain all the necessary information. Mr. Whitman enclosed copies of powers of attorney executed by the taxpayers designating him as their attorney. In the printed form, supplied by the Internal Revenue Service,[3] the words "Copies of" were stricken out of the sentence reading: "Copies of correspondence addressed to the taxpayer in proceedings involving the above matter(s) should be sent to:", and Mr. Whitman's name and office address were typewritten in to complete the sentence.
 
 
 8
 The Service granted the requested extension of time, and when the protests were filed the names and addresses of the taxpayers were stated as they had been given in the income tax returns for the years involved. Thereafter on September 24, 1965, the District Director sent notices of the time and place of a conference to the taxpayers at the addresses given on their returns. On the same day the District Director sent Mr. Whitman copies of these letters together with a form letter[4] which read: "As authorized in a power of attorney on file, we are forwarding, for your information, the enclosed copy of a letter of this date addressed to the taxpayers named below." On a number of occasions thereafter the taxpayers executed consents to extend the period of the statute of limitations.[5] In several instances these forms were sent directly to Mr. Whitman for execution by the taxpayers and on one occasion they were sent to Mr. Berger at the request of Mr. Whitman, who expected to be absent from his office.
 
 
 9
 On March 11, 1966, Mr. Whitman wrote the Service that he did not wish the cases to be forwarded for consideration by the appellate division and went on to say: "Under the circumstances, it is my understanding that you will now proceed to cause statutory notices of deficiency (90-day letter) to be issued. * * *" On June 3, 1966, the District Director sent the deficiency notices to the taxpayers by certified mail at the addresses given on their income tax returns for the years involved and sent copies by ordinary mail to Mr. Whitman accompanied by a form letter identical to that of September 24, 1965. The taxpayers and Mr. Whitman received these notices in the regular course of the mail.[6]
 
 
 10
 On September 9, 1966, the taxpayers filed petitions for redetermination in the Tax Court. The Commissioner moved for dismissal on the ground that the petitions were not filed within the ninety-day statutory period,[7] and the taxpayers filed a countermotion for dismissal for lack of jurisdiction because of the alleged invalidity of the deficiency notices.[8] The Tax Court granted the Commissioner's motion to dismiss and denied the taxpayers' countermotion, holding that the deficiency notices were valid and the petitions therefore were filed beyond the statutory period.[9]
 
 II.
 
 11
 In dealing with these taxpayers the Commissioner ignored the effect of the alteration in the power of attorney, either because he interpreted the power as permitting him to continue to communicate directly with the taxpayers and to send copies to their attorney, or because he decided that the alteration was an impermissible change in the prescribed form,[10] or simply because the employees in the busy Internal Revenue Service did not notice that the words "Copies of" had been lined out. The taxpayers contend, however, that the notices of deficiency could properly be sent only to Mr. Whitman and that this had to be done by the use of certified or registered mail. Since Mr. Whitman was sent only copies and these by ordinary mail, they claim the notices mailed to him were doubly inadequate and therefore ineffective. On the other hand, they claim that although the originals were sent to them directly by certified mail, they were ineffective because they were not sent to the "last known address" of the taxpayers, which by virtue of the power of attorney was Mr. Whitman's office address.
 
 
 12
 The taxpayers rely heavily on Expanding Envelope and Folder Corporation v. Shotz, 385 F.2d 402 (3 Cir. 1967), where we held that notices of deficiency were validly sent to the taxpayers in care of their attorneys-in-fact at the attorneys' addresses given in the powers of attorney. The taxpayers in that case had stricken out of the same form of power of attorney the words "Copies of" and inserted the word "All". We rejected the taxpayers' contention that the address of the attorneys given in the powers was not the "last known address" within the meaning of the statute and that the words "All correspondence addressed to the taxpayers" were not sufficiently broad to include a notice of deficiency. The essence of the decision there was, as we said in our per curiam opinion: "When the taxpayers deleted the words `copies of,' relating to correspondence and substituted the word `all,' they became bound by their actions." 385 F.2d at 404. The two cases are clearly different. There the taxpayers were barred from complaining of the notice which followed their own instructions. It would be quite different, however, to require the Commissioner to follow the instructions in the power of attorney to the exclusion of all other information which sheds light on the determination of the address to which notice should be sent.
 
 
 13
 The Internal Revenue Service is often presented with more than one address for a taxpayer, and where in the course of dealings between the Commissioner and the taxpayer, letters are successfully sent to different addresses, it is unreasonable to assume that one and not the other of the addresses is the "last known address" for the purpose of giving the deficiency notice. For this reason in Delman v. Commissioner, 384 F.2d 929 (3 Cir. 1967), cert. denied, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968), we accepted the view that the last known address is an address to which the Commissioner in all the circumstances may reasonably believe the taxpayers wish the notices sent.[11]
 
 
 14
 In the circumstances of this case, it cannot be said that the alteration of the powers of attorney amounted to a direction that no letters or even formal documents such as notices of deficiency could be addressed to the taxpayers themselves.[12] The actions of the parties indicate that they did not consider the altered form of power of attorney to have this effect. The Commissioner never responded to the alteration and Mr. Whitman and the taxpayers never complained that there had been a failure to comply with the power of attorney when letters were sent to the taxpayers directly with copies to Mr. Whitman. When on March 11, 1966 Mr. Whitman decided against appellate division consideration of the controversy and wrote that the Service should now proceed to issue the deficiency notices, he gave no indication of any disagreement with the manner of giving notice which the Service had already followed. Instead the taxpayers waited until the expiration of the ninety-day period and then filed a petition for redetermination which in their view of the law should have been dismissed for lack of jurisdiction. Thus, by remaining silent they would allow the clock to continue running although the Commissioner thought it had been stopped by the deficiency notices, and they would enjoy immunity from deficiency assessments because of the bar of the statute of limitations.
 
 
 15
 The Tax Court made no express finding that the original notices of deficiency were sent to the statutory last known address, but such a finding is implicit in its decision. In the circumstances we cannot say that such a conclusion was clearly erroneous. See Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Yara Engineering Company v. Commissioner, 344 F.2d 113 (3 Cir. 1965).
 
 III.
 
 16
 Even if it could be said that the notices of deficiency were not sent to the taxpayers at their last known addresses because the originals should have been sent to Mr. Whitman by certified or registered mail, the notices in this case would still be effective.
 
 
 17
 We held in Delman that § 6212(b) (1) did not render invalid a notice of deficiency which actually was received although the notice was not sent to the address specified in the power of attorney.[13] We said that it was because the statute was written for the protection of the Commissioner that it made the notice of deficiency sufficient if it is sent to the last known address even if the taxpayer does not receive it.[14]
 
 
 18
 Analysis of taxpayers' rigidly restricted argument emphasizes the lack of precision in subsections (a) and (b) (1). They are not models of draftsmanship. Literally, subsection (a) merely authorizes the Secretary or his delegate to send notice of deficiency by certified or registered mail. It does not require him to use certified or registered mail.[15] Moreover, it does not specify the address to which the notice must be directed. Literally read, therefore, subsection (a) would authorize the sending of a notice of deficiency by certified or registered mail to any address which is reasonably applicable to the taxpayer, such as the address listed on his tax return. Curiously, however, subsection (b) (1) read literally makes no requirement in regard to the method of giving notice of deficiency. It merely specifies that if a notice is mailed to the taxpayer at his last known address it is sufficient even if the taxpayer is deceased, or is under a legal disability, or if a corporation, has terminated its existence. There is nothing in this which specifically requires the notice to be sent by certified or registered mail and indeed there is not even an express provision that a notice which is sent to the last known address of the taxpayer shall be sufficient in any cases other than the three specified instances of disability or incapacity.
 
 
 19
 The statute, however, must be given a sensible reading which makes its provisions workable, a purpose which the draftsmen must be presumed to have intended. With this purpose in mind the meaning of the statute is readily ascertainable.
 
 
 20
 Subsection (a) authorizes a notice of deficiency to be sent by registered or certified mail. In authorizing such method of notice it does not forbid any other method. If a revenue agent personally delivers by hand a notice of deficiency to the taxpayer it could not rationally be suggested that the notice was invalid because it violated a requirement of subsection (a).[16]
 
 
 21
 Subsection (b) (1) makes no reference to a requirement of certified or registered mail, but in speaking of the mailing of a notice of deficiency to the taxpayer it must refer to the mailing by certified or registered mail authorized by subsection (a). Since subsection (b) (1) also specifies that such a notice is sufficient if mailed to the taxpayer at his last known address in the exceptional cases which affect the taxpayer's ability to give notice of a change in address, it must intend that the same consequence shall follow from a similar mailing to a taxpayer who is not under a disability. The obvious formula for mailing, therefore, is that the notice be sent by certified or registered mail to the taxpayer at his last known address, and when this is done the notice is adequate and effective even though it may later be shown that in fact it was never delivered to the taxpayer.[17]
 
 
 22
 A deficiency notice, unlike a complaint in a civil action, is not a legal process or pleading even though it is a prerequisite to the subsequent litigation before the Tax Court on a petition for redetermination. It usually marks the culmination of informal discussions and even negotiations between the Internal Revenue Service and the taxpayer following the initial notice of the dispute. If the taxpayer has not actually received the notice of deficiency in time he will be barred from invoking the Tax Court's jurisdiction on a petition for redetermination. This, however, still leaves open to him the alternative remedy of paying the tax and suing for a refund in the district court,[18] a remedy which it has been suggested saves § 6212 from violating due process in cases where the notice of deficiency is not actually received.[19]
 
 
 23
 In the present case we have the converse of the situation which § 6212 envisaged and in which it protected the Commissioner. Here the Commissioner need not rely on the statutory protection given to a notice which was mailed but not received. Instead he has shown the actual delivery of notice to the taxpayers and their attorney. The statute does not make this inadequate merely because it authorizes an alternative mailing of notice which it makes sufficient without proof of actual delivery. The case is no different than it would have been if the original notice had been handed to the taxpayers and a copy to their attorney on their visit to his office. In such circumstances he could rely upon the actual delivery of the notices instead of a mailing in the channel which the statute authorizes and renders valid without regard to actual receipt.
 
 
 24
 The taxpayers argue that § 6503(a) of the Internal Revenue Code which suspends the running of the statute of limitations on the making of deficiency assessments, "after the mailing of a notice under section 6212(a)" [Emphasis added.] is proof that notice of a deficiency must be given by mail in compliance with § 6212(a). We may ourselves add the provision of § 6213(a) which measures the ninety-day period for filing of a taxpayer's petition for reconsideration in the Tax Court as commencing when the notice of deficiency "authorized in § 6212 is mailed". In both instances the statutory language, referring to the mailing of the notice of deficiency, is patterned on the customary rather than the exceptional case. We do not believe it reasonable to convert the permissive provisions of § 6212(a) and 6212(b) (1) relating to mailing into a mandatory requirement because of the reference to them in § 6503(a) and § 6213(a). Such a reading of the statute would bind a taxpayer who never received a notice sent by registered or certified mail addressed to him at his last known address, but would leave it ineffective if handed to him personally.
 
 
 25
 The taxpayers argue that this incongruous result must be insisted upon because the Commissioner has at times held taxpayers to a rigid and technical compliance with statutory requirements. Their claim in effect is that the sword with which he has in other cases struck down the rights of taxpayers on technicalities must now be wielded against him in order to insure equal justice, — perhaps more accurately described as equal injustice.
 
 
 26
 The legal problems created by the revenue statutes are proverbially complicated and difficult. Their intricacies result from the vast and complex area with which they deal, aggravated in some instances by artificial rules of substantive law devised to close loopholes unjustly enriching some taxpayers, and in other cases by the effort to make the tax consequences of business and financial transactions more predictable. There is no reason, however, for introducing artificiality into the procedural requirements of the Internal Revenue Code. Here there is full scope for an insistence on the simplicity and rationality which long ago found its way into civil procedure. We therefore reject a construction of the procedural provisions of § 6212 which would yield the startling conclusion that a notice given to clients and their lawyer is inadequate even though they received it in due course, simply because the lawyer's copy should have been the original, and the channel of certified mail which was used for the taxpayers should have been used for the lawyer.
 
 
 27
 We hold, therefore, that the notices of deficiency were adequate and effective and that the Tax Court was justified in dismissing the petitions for redetermination as untimely filed.
 
 
 28
 The decision of the Tax Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 The corporation's returns were for the fiscal years ending April 30, 1961, 1962 and 1963
 
 
 [2]
 Mr. and Mrs. Berger had given as their address "Oak Lane Manor Apartments, Melrose Park, 26, Pennsylvania". Mr. and Mrs. Yovanovich had given their address as "1415 Orchard Way, Rosemont, Pennsylvania". Pennsylvania Papyrus Corporation had given as its address "650 Delaware Avenue, Camden, New Jersey."
 
 
 [3]
 Internal Revenue Service Form 2848 (Mar. 1964)
 
 
 [4]
 Internal Revenue Service Form L-146 (5-65)
 
 
 [5]
 Internal Revenue Service Form 872
 
 
 [6]
 At some time earlier Mrs. Berger had died and Mr. Berger had moved from Melrose Park to Philadelphia. The deficiency notice regarding Mr. and Mrs. Berger's joint tax returns was addressed to: "Estate of Ruth Berger, Dec'd, Milton Berger, Surviving Spouse," and since Mr. Berger had not informed the Service of his removal to Philadelphia, the notice was sent to his old address in Melrose Park. However, the letter was delivered to him at his new address
 
 
 [7]
 The taxpayer's petition must be filed in the Tax Court within ninety days from the date of the mailing of a valid deficiency notice. 26 U.S.C. § 6213(a)
 See Boccuto v. Commissioner, 277 F. 2d 549 (3 Cir. 1960), where a notice of deficiency mailed by registered mail to the last known address of the taxpayer on November 13, 1958, but returned undelivered was handed to the taxpayer at the Internal Revenue Service office on January 21, 1959, and he signed a receipt showing that the delivery on that date was an effort to carry forward the notice mailed on November 13, 1958. We held that the notice was given on November 13, 1958 and that the 90-day period for filing a petition for redetermination with the Tax Court ran from that date. Compare Tenzer v. Commissioner, 285 F.2d 956 (9 Cir. 1960).
 
 
 [8]
 See Joseph Delman, T.C. Memo 1966-59, reversed on other grounds, Delman v. Commissioner, 384 F.2d 929 (3 Cir. 1967), cert. denied, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968); John W. Heaberlin, 34 T.C. 58 (1960)
 
 
 [9]
 48 T.C. 848, September 19, 1967
 
 
 [10]
 See Note 12, infra
 
 
 [11]
 We recognized inDelman that there has been no consistent judicial approach to determining what constitutes a "last known address". However, we there said that the "spirit of the Act" would dictate acceptance of the view that "notice complies with the statute if it is sent to the address where the Commissioner reasonably believes the taxpayer wished to be reached". 384 F.2d 929, 932, citing Clark's Estate v. Commissioner, 173 F.2d 13 (2 Cir. 1949). In Delman we pointed out that the Service was faced with two "equally suitable" addresses. Cf., D'Andrea v. Commissioner, 105 U.S.App.D.C. 67, 263 F.2d 904 (D.C.Cir. 1959); Maxfield v. Commissioner, 153 F.2d 325 (9 Cir. 1946).
 
 
 [12]
 The Tax Court was of the opinion that the instructions accompanying this form forbade the deletion of the words "Copies of". We need not determine whether this view is correct. The Commissioner might have refused to recognize or accept the powers of attorney on the ground that they had been improperly altered, if such was his view. He might have accepted the powers of attorney but refused to recognize their alteration. Finally, even if he accepted the powers of attorney and recognized the alteration, he might have asserted the right to consider it as supplementing the addresses of the taxpayers to which he could continue to send notices
 
 
 [13]
 See Commissioner v. Stewart, 186 F.2d 239 (6 Cir. 1951); Olsen v. Helvering, 88 F.2d 650 (2 Cir. 1937); Goolsby v. Tomlinson, 246 F.Supp. 674 (S.D.Fla.1965). InDelman we alternatively held that the Commissioner's choice of addresses was not unreasonable and that notice was in fact mailed to the last known address.
 
 
 [14]
 See, e. g. Brown v. Lethert, 360 F.2d 560 (8 Cir. 1966); Luhring v. Glotzbach, 304 F.2d 556 (4 Cir. 1962); Pfeffer v. Commissioner, 272 F.2d 383 (2 Cir. 1959); Gregory v. United States, 102 Ct.Cl. 642, 57 F.Supp. 962, 973-974 (1944), cert. denied, 326 U.S. 747, 66 S.Ct. 26, 90 L.Ed. 447 (1945)
 
 
 [15]
 See Boren v. Riddell, 241 F.2d 670 (9 Cir. 1957)
 
 
 [16]
 In the original version contained in the Revenue Act of 1924, § 274(a), the provision for notice by registered mail was stated in mandatory form: "the taxpayer * * *shall * * * be notified by registered mail [of the deficiency] * * *." (Emphasis added.) A number of decisions construed the mandatory language of the statute to make any other form of notice inadequate. See Heinemann Chemical Co. v. Heiner, 92 F.2d 344, 346 (3 Cir. 1937), and cases there cited. See also Boren v. Riddell, 241 F. 2d 670, 671-672 (9 Cir. 1957). In the Revenue Act of 1926, § 274(a) this language was changed to its present form in which the Commissioner is "authorized" to use registered mail. Authorization to use certified mail was added in the Technical Amendments Act of 1958, § 89(b).
 
 
 [17]
 This illustrates the principle enunciated inDelman that the statute was written to protect the Commissioner and makes his notice valid if he complies with the statutory authorization regarding notice even though the taxpayer does not actually receive it. In Delman we recognized that cases such as D'Andrea v. Commissioner, 105 U.S.App.D.C. 67, 263 F.2d 904 (D.C.Cir.1959), run the other way, but refused to follow them in the light of the statutory history to which we referred.
 
 
 [18]
 26 U.S.C. § 7422. See Quinn v. Hook, 231 F.Supp. 718 (E.D.Pa.1964), aff'd per curiam, 341 F.2d 920 (3 Cir. 1965), describing the framework for review of tax claims
 
 
 [19]
 Brown v. Lethert, 360 F.2d 560, 562 (8 Cir. 1966); Cohen v. United States, 297 F.2d 760, 772 (9 Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). See Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L. Ed. 1289 (1931)