RICHARD L. MULVANIA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12671–82.     Filed July 20, 1983.

*Paul Frederic Marx*, for the petitioner.
*Marshall W. Taylor*, for the respondent.

SIMPSON, *Judge*: This matter is before us on the parties' cross motions to dismiss for lack of jurisdiction. The petitioner claims that the notice of deficiency was invalid because it had not been mailed to him at his last known address. Sec. 6212(b)(1), I.R.C. 1954.[1] The Commissioner claims that the petition was not filed within 90 days after the mailing of the notice of deficiency. Sec. 6213(a). At the conclusion of the hearing on such motions, the Court took them under advisement.

FINDINGS OF FACT

Most of the facts have been stipulated, and those facts are so found. The petitioner, Richard L. Mulvania, resided in Newport Beach, Calif., when he filed the petition in this case.

On or before April 15, 1977, the petitioner filed a separate Federal income tax return for 1976 with the Internal Revenue Service Center at Fresno, Calif. His address, as shown on that return, was 57 Linda Isle Drive, Newport Beach, Calif. (the Linda Isle address). He has resided at such address since February 1977. Prior to 1977, the petitioner resided at 4191 Silliman Drive, Huntington Beach, Calif. (the Silliman ad-

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.

dress). During September 1981, his former wife, Frances, and their children resided at the Silliman address.

During 1976, the petitioner was an investor in King Merchants, Ltd., a partnership (King Merchants). After the Commissioner began an audit of King Merchants, the petitioner contributed to a partnership defense fund, and the partnership retained a San Francisco attorney.

Between February 20 and March 11, 1980, the petitioner consented to extending until September 30, 1981, the time for assessment of a deficiency for 1976, but such extension was restricted to a deficiency due to his participation in King Merchants. On September 16, 1981, the Commissioner mailed a notice of deficiency to the petitioner at the Silliman address. A copy of the notice of deficiency was also mailed to the petitioner's accountant, as holder of a power of attorney, and was received by him in the ordinary course of the mail. However, the accountant did not contact the petitioner when he received the copy of the notice of deficiency; he decided that when he received the original notice from the petitioner, he would forward it to the San Francisco attorney.

On September 28, 1981, Frances Mulvania telephoned the petitioner and informed him that she had a "bill" or "statement" from the IRS for him and that he owed the IRS some money. She did not tell him what taxable year the document concerned. On October 2, 1981, the petitioner's children arrived at his residence for a custodial visit, and they brought the notice of deficiency to the petitioner from the Silliman address.

On October 5 or 6, 1981, the petitioner's wife, Carol, took the notice of deficiency to the accountant's office. The accountant forwarded it to the San Francisco attorney on October 13, 1981. By April 1982, no petition had been filed with this Court, and on April 23, 1982, the Commissioner sent a notice of demand for payment of the 1976 deficiency to the petitioner at the Linda Isle address. The petitioner then retained his present counsel, and the petition was filed on June 8, 1982.

OPINION

The matter before us presents two issues: First, whether the notice of deficiency was mailed to the petitioner at his last known address, and second, whether the notice was nonethe-

less valid even if it was not so mailed. The petitioner has conceded that if the notice of deficiency was valid, the petition is untimely. We have concluded that the notice of deficiency is valid even if it was not mailed to the petitioner at his last known address. Such conclusion obviates the need for us to decide whether the notice was mailed to the petitioner at his last known address.[2]

Section 6212(a) provides that, if the Commissioner determines a deficiency in income tax, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." Such notice of deficiency "shall be sufficient" if mailed to the taxpayer at his last known address, unless the Commissioner has been properly notified that a fiduciary has been substituted for the taxpayer. Sec. 6212(b)(1). If the notice is mailed to a taxpayer in the United States, he has 90 days after the mailing of the notice to file his petition for redetermination of the deficiency with the Tax Court. Sec. 6213(a). These provisions were designed to afford a taxpayer notice of the Commissioner's determination and an opportunity to litigate the validity of such determination in this Court without first paying the claimed deficiency. *Berger v. Commissioner*, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); *DeWelles v. United States*, 378 F.2d 37 (9th Cir. 1967); *Lifter v. Commissioner*, 59 T.C. 818 (1973).

In every income tax case, the Commissioner must issue the taxpayer a notice of deficiency. Sec. 6213(a). The notice constitutes the taxpayer's ticket to the Tax Court, and without it, there could be no prepayment judicial review of the asserted deficiency. *DaBoul v. Commissioner*, 429 F.2d 38 (9th Cir. 1970), affg. per curiam an unpublished order of this Court; *Wilt v. Commissioner*, 60 T.C. 977 (1973). However, a notice of deficiency is not invalid merely because it is not sent to the taxpayer's last known address. The language of section 6212(b)(1) is clearly permissive; the notice of deficiency "shall

---

[2]The statute of limitations for 1976, as extended, expired on Sept. 30, 1981, unless tolled prior thereto. The petitioner has not raised the statute of limitations as a defense in these proceedings, but such issue has been resolved against him by our decision in *Frieling v. Commissioner*, 81 T.C. 42 (1983), decided today, wherein we held that the running of the statute of limitations is tolled by the timely mailing of a notice of deficiency which is actually received without prejudicial delay, even though such notice is not mailed to the last known address of the taxpayer.

be sufficient" if it is sent to the last known ·address. In enacting the predecessor of section 6212(b)(1), Congress did not create a mandatory address to which a notice of deficiency had to be mailed; rather, Congress provided the Commissioner a "safe harbor" address to which he could send the notice, and it would be effective even though the taxpayer did not actually receive such notice because he had moved, died, or become incompetent. See sec. 281(d), Rev. Act of 1926, 44 Stat. (Part 2) 62; S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 332, 355; sec. 272(k), Rev. Act of 1928, 45 Stat. 854; H. Rept. 2, 70th Cong., 1st Sess. (1927), 1939–1 C.B. (Part 2) 384, 399; S. Rept. 960, 70th Cong., 1st Sess. (1928), 1939–1 C.B. (Part 2) 409, 430; *Berger v. Commissioner, supra*; *Delman v. Commissioner*, 384 F.2d 929, 933 (3d Cir. 1967), affg. a Memorandum Opinion of this Court. Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme. *Clodfelter v. Commissioner*, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971); *Boren v. Riddell*, 241 F.2d 670, 672 (9th Cir. 1957); *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir. 1937), affg. a Memorandum Opinion of this Court; *Brzezinski v. Commissioner*, 23 T.C. 192,. 195 (1954). There is no indication that by providing the safe harbor, Congress intended to invalidate the Commissioner's use of alternative methods of communication which in fact result in actual notice to the taxpayer. *Clodfelter v. Commissioner, supra*; *Brzezinski v. Commissioner, supra*.

It has been held repeatedly that an error in the address to which the notice of deficiency is mailed does not render the notice invalid so as to defeat Tax Court jurisdiction when the petition is timely filed. *Clodfelter v. Commissioner, supra*; *Goodman v. Commissioner*, 71 T.C. 974 (1979); *Zaun v. Commissioner*, 62 T.C. 278 (1974); *Lifter v. Commissioner, supra*; *Brzezinski v. Commissioner, supra*. However, the petitioner contends that when the petition is not timely filed, the error in an address is prejudicial as a matter of law and that the notice of deficiency is invalid. Such argument was rejected by this Court in *Looper v. Commissioner*, 73 T.C. 690, 698–699 (1980), where we stated that whether a taxpayer has been prejudiced by an improperly addressed notice is a question of fact. The petitioner's failure to file a timely petition is a relevant factor in the inquiry, but alone is not decisive.

In the case before us, the petitioner actually received the notice of deficiency on October 2, 1981, 16 days after the Commissioner mailed it. He promptly had it delivered to his accountant, who forwarded it to the partnership attorney in San Francisco. Under the circumstances, we need not decide who has the burden of proving that the petitioner actually received the misaddressed notice without prejudicial delay. It is clear on this record that the petitioner received actual notice of the deficiency with ample time remaining to file a petition. At that time, the petitioner became responsible for filing a timely petition with this Court. There is no explanation for the failure to file such a petition, but it is apparent that inaction, after the receipt of the notice, was responsible for the late filing. Hence, the petitioner's failure to file a timely petition cannot be said to have been the direct result of any error in the address to which the notice of deficiency was mailed. *Shelton v. Commissioner*, 63 T.C. 193, 198 (1974); *Zikria v. Williams*, 535 F. Supp. 481, 485 (W.D. Pa. 1982). Clearly, the purpose of section 6212(a) was served in this case: the petitioner received "his ticket to the Tax Court and ample opportunity to file a petition for review." *Delman v. Commissioner*, 384 F.2d at 934.[3] We agree with the Ninth Circuit that, "if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of §6212(a) no matter to what address the notice successfully was sent." *Clodfelter v. Commissioner*, 527 F.2d at 757; fn. ref. omitted.

A contrary conclusion is not compelled by the decisions in *Weinroth v. Commissioner*, 74 T.C. 430 (1980); *Keeton v. Commissioner*, 74 T.C. 377 (1980); *Shelton v. Commissioner*, *supra*; *Heaberlin v. Commissioner*, 34 T.C. 58 (1960); and *Carbone v. Commissioner*, 8 T.C. 207 (1947). In none of those cases was there a finding that the taxpayer received actual notice of the Commissioner's determination with sufficient time to prepare and file a petition; in *Weinroth*, *Shelton*, and *Carbone*, the taxpayers received no notice at all until the Commissioner billed them for the deficiencies. Where the

---

[3]The petitioner also argues that he was prejudiced by the delay in receiving the notice in that he did not have the full 90 days to study it and prepare a petition. This argument is also foreclosed by our decision in *Frieling v. Commissioner*, 81 T.C. 42, 57 (1983), where we stated "However, so long as the notice of deficiency is timely mailed by the Commissioner and is received without prejudicial delay by the taxpayer in compliance with section 6212(a), the notice is effective for all purposes from the time of its mailing."

Commissioner does not rely on actual notice but chooses to utilize the safe harbor of section 6212(b)(1), he must send the notice to the taxpayer at his last known address. *Clodfelter v. Commissioner*, 527 F.2d at 757; *Berger v. Commissioner*, 404 F.2d at 674. Where the notice is sent to the wrong address and never delivered, or delivered with prejudicial delay, the statutory purpose is not served, and it would be manifestly unfair to deny the taxpayer his prepayment hearing; but that is not this case. *Zikria v. Williams*, 535 F. Supp. at 485; *Goolsby v. Tomlinson*, 246 F. Supp. 674 (S.D. Fla. 1965).

We hold that the notice of deficiency herein is valid. Accordingly, we will deny the petitioner's motion to dismiss and grant the Commissioner's motion to dismiss this case since the petition was not timely filed.

*An appropriate order will be entered.*

Reviewed by the Court.

STERRETT, *J.*, dissenting: I respectfully dissent for the same reasons stated in *Frieling v. Commissioner*, 81 T.C. 42 (1983). GOFFE, *J.*, agrees with this dissent.