ANASTAS AND NANCY A. FILEFF, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fileff v. Commissioner
Docket No. 28373-89
United States Tax Court
T.C. Memo 1990-452; 1990 Tax Ct. Memo LEXIS 496; 60 T.C.M. (CCH) 582; T.C.M. (RIA) 90452; August 22, 1990, Filed Robert A. Stevenson, for the petitioners. James C. Lanning, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. The issues to be *497 decided are (1) whether respondent's notice of deficiency is valid and, if so, (2) whether the petition was timely filed. An evidentiary hearing was held on respondent's motion in Chicago, Illinois. Based on the Court's record and the hearing, the facts are found as follows. Petitioners Anastas and Nancy Fileff were residents of Schaumburg, Illinois, when they filed the petition in this case. On their 1984 joint Federal income tax return, petitioners indicated they were married and residing at 1545 Silver Lane, #3B, Palatine, Illinois, in c/o Vitale. On their 1985 and 1986 tax returns, petitioners indicated their address had changed to 900 W. Rand Road, Arlington Heights, Illinois. In April 1988, petitioners separated and filed for divorce. On February 13, 1989, after respondent informed them that their 1986 tax return would be audited, petitioner Anastas Fileff executed and mailed respondent a Power of Attorney (IRS Form 2848), instructing respondent to send copies of all correspondence pertaining to petitioners' 1986 tax return to petitioners' attorney in Palos Heights, Illinois. Although the Power of Attorney form lists both petitioners' names, only petitioner Anastas *498 Fileff signed it. The address of both petitioners is shown on the form as 1234 Glendenning, Wilmette, Illinois, 60091-1547. Petitioners' attorney enclosed a letter with the Power of Attorney stating that Mr. Fileff was "in the process of a divorce and does not have a current address." By statutory notice of deficiency, dated July 26, 1989, respondent determined a deficiency in petitioners' 1986 income tax of $ 17,723.30 and additions to tax pursuant to sections 6653(a) [1] and 6661. The notice was mailed to petitioners at 900 Rand Road, Apartment B-308, Arlington Heights, Illinois, 60004. On July 31, 1989, the Postal Service returned the notice to respondent indicating that petitioners had moved and that the envelope was "not forwardable." On August 24, 1989, respondent reissued the deficiency notice to petitioners "c/o Vitale, 1545 Silver Lane, 3B, Palatine, Illinois 60067-3035." Although petitioners had not lived at the Silver Lane address since 1984, they nonetheless received the second deficiency notice on September 23, 1989, allowing them approximately 60 days in which to file a petition with the Tax Court. *499 The 90-day period for timely filing a petition with the Tax Court, in respect of the reissued notice of deficiency, expired on Wednesday, November 22, 1989. Petitioners filed a petition on November 28, 1989. The envelope containing the petition was postmarked November 24, 1989, which date was 92 days after respondent mailed the second notice of deficiency. On December 18, 1989, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within 90 days after the mailing of the notice of deficiency as required by sections 6213(a) and 7502. Petitioners claim that respondent failed to mail the notice of deficiency to their "last known address" or to their attorney's address, which resulted in their late receipt of the notice, and which left them insufficient time to prepare and file a timely petition. Accordingly, petitioners contend that either the deficiency notice is invalid, or the 90-day filing period should be deemed to begin on the date they received actual notice, instead of the date it was mailed. We find petitioners' arguments unavailing and grant respondent's motion to dismiss for the following reasons. It is well established *500 that a taxpayer invokes the jurisdiction of this Court by filing a petition with the Court within 90 days after respondent mails the taxpayer a notice of deficiency. Sec. 6213(a); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). A valid notice of deficiency and a timely petition are essential to our jurisdiction, and we must dismiss any case in which one or the other is not present. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. at 632. Under the "safe harbor" provision of section 6212(b)(1), a notice of deficiency will be deemed valid, even if the taxpayer never receives it, if respondent mails the notice to the taxpayer's "last known address" within the period of assessment. However, where the deficiency notice is not mailed to the last known address, it is nevertheless valid *501 from the date of its mailing if the taxpayer receives it with sufficient time remaining to prepare and file a timely petition. Clodfelter v. Commissioner, 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Looper v. Commissioner, 73 T.C. 690, 697 (1980); Brzezinski v. Commissioner, 23 T.C. 192, 195 (1954). Providing the taxpayer with actual notice of the deficiency in a timely manner is the essence of the statutory scheme. Mulvania v. Commissioner, 81 T.C. at 68. In this case, respondent concedes that he failed to mail the deficiency notice to the petitioners' last known address or to petitioners' attorney's address, but contends that the notice is nonetheless valid since petitioners received it with sufficient time remaining to file a petition with this Court. We agree with respondent, and reject petitioners' argument that when a petition is not timely filed, an incorrectly addressed deficiency notice is prejudicial and invalid as a matter of law. *502 Whether a taxpayer has been prejudiced by an improperly addressed notice is a question of fact. The taxpayer's failure to file a timely petition is a relevant factor in the inquiry, but that alone is not decisive. Looper v. Commissioner, 73 T.C. at 698-699. On the facts of this record, we find that the deficiency notice which respondent mailed August 24, 1989, while concededly not to petitioners' last known address, was received by petitioners without prejudicial delay. On brief, petitioners state that they received the notice on September 23, 1989, and consequently had approximately 60 days in which to file a timely petition. We note that the petition that was finally submitted by petitioners was one page consisting of a couple of statements that respondent had improperly denied petitioners' deductions for certain gambling losses and employee business expenses. The petition is sufficiently clear and concise to enable respondent and this Court to ascertain the issues petitioners intended to present at trial, as required by Rule 34(a), (b)(4). However, in light of the petition's simplicity, we doubt petitioners were denied sufficient time to prepare and file *503 it on time. In contrast to the taxpayer in Looper v. Commissioner, supra, who received a deficiency notice involving his liability as a shareholder transferee of a corporation, but had only 17 days left to file a petition, petitioners present relatively uncomplicated legal arguments pertaining to expenses of which they apparently have personal knowledge. Looper v. Commissioner, 73 T.C. at 699. We are not persuaded that petitioners' late receipt of the deficiency notice was the cause of their failure to file a petition on time. Rather, on the facts of this record, we find that petitioners' inaction was responsible for their late filing. Hence, petitioners' "failure to file a timely petition cannot be said to have been the direct result of any error in the address to which the notice of deficiency was mailed." Mulvania v. Commissioner, 81 T.C. at 69; Shelton v. Commissioner, 63 T.C. 193, 198 (1974). [2]
*504 We also dismiss petitioners' argument that respondent's failure to send copies of the deficiency notice to a taxpayer's attorney pursuant to a request contained in a Power of Attorney invalidates an otherwise proper notice of deficiency. We have repeatedly held that while a sufficiently clear and concise address change request contained in a valid Power of Attorney may serve to change a taxpayer's last known address, such requests that copies of correspondence be sent to a taxpayer's attorney are "a matter of courtesy and in no way affect the mailing requirements of section 6212." Houghton v. Commissioner, 48 T.C. 656, 661 (1967). See also McDonald v. Commissioner, 76 T.C. 750, 752 (1981); Allen v. Commissioner, 29 T.C. 113 (1957). In this case, however, we need not decide whether the Power of Attorney is valid, or whether it affects a change in petitioners' last known address, since petitioners received actual notice of the deficiency. Therefore, respondent's failure to send the notice to either petitioners' last known address or *505 to their attorney's address is irrelevant. We hold that the notice of deficiency herein is valid. Accordingly, we grant respondent's motion to dismiss this case since the petition was not timely filed. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also George v. Commissioner, T.C. Memo. 1990-147 (case dismissed because petition was filed late and taxpayer had received actual notice of the incorrectly addressed notice of deficiency with 52 days remaining in the filing period, "ample time to seek a redetermination with this Court"); Loftin v. Commissioner, T.C. Memo. 1986-322↩ (case dismissed because petition was untimely, and taxpayer was not prejudiced by his delayed receipt of the notice since he had approximately 30 days left in which to file).