RANDALL E. AND CHRISTINA L. ROLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rollins v. Commissioner
Docket No. 17293-90
United States Tax Court
T.C. Memo 1993-118; 1993 Tax Ct. Memo LEXIS 116; 65 T.C.M. (CCH) 2184; March 29, 1993, Filed *116 Randall E. Rollins, pro se. For respondent: Nancy Graml and David W. Johnson. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: Petitioners have raised a plethora of tax protester type arguments in an attempt to avoid paying income taxes and to pursue an apparent crusade against the Internal Revenue Service (IRS). Respondent determined deficiencies in and additions to tax as follows: Christina L. Rollins: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6651(a)(1)
Sec. 6654
1982
$ 9,575
$ 479
[1]
$ 2,394
$ 932
1983
12,528
626
[1]
3,132
767
1984
13,489
674
[1]
3,372
848
1985
6,127
306
[1]
1,532
351
Randall E. Rollins
Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6651(a)(1)
Sec. 6654
1982
$ 12,604
$ 630
[1]
$ 3,151
$ 1,227
1983
15,866
793
[1]
3,967
971
1984
17,760
888
[1]
4,440
1,116
1985
10,800
540
[1]
2,700
618
*117 Petitioners have raised 35 issues which, after concessions, can be appropriately stated as follows: (1) Whether petitioners filed tax returns for 1982, 1983, 1984, and 1985. We hold that they did not. (2) Whether respondent's use of the bank deposits method to reconstruct petitioners' income is valid. We hold that it is. (3) Whether petitioners received taxable income of $ 67,601.06 in 1982, $ 84,866.71 in 1983, $ 91,802.93 in 1984, and $ 55,218.13 in 1985. We hold that they did. (4) Whether the statute of limitations bars assessment of tax for the years in issue. We hold that it does not because petitioners did not file returns for those years. (5) Whether the notices of deficiency are valid. We hold that they are. (6) Whether petitioners are liable for additions to tax for: (a) Failure to file returns under section 6651(a)(1); (b) negligence under section 6653(a)(1) and (2); and (c) failure to pay estimated tax under section 6654. We hold that they *118 are. (7) Whether an exception to the Anti-Injunction Act under section 7421(a) permits respondent to be enjoined from assessing petitioners' tax. We hold that it does not. References to petitioner in the singular are to Randall E. Rollins. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated and are so found. 1. Petitioners
Petitioners were married and lived in Texas during the years in issue and when the petition was filed. Texas is a community property state. Petitioner was a self-employed dentist during the years in issue. Petitioners filed joint income tax returns for 1980 and 1981. They reported gross income from petitioner's dental practice of $ 65,158 in 1980 and $ 100,607 in 1981. In 1981 petitioner claimed in a newspaper article that he did not have to file Federal income tax returns (Forms 1040). Petitioners did not file Forms 1040 for the years in issue. Petitioners have brought contrived charges against IRS employees, judges, and private individuals in civil and criminal suits. So *119 far petitioner has filed numerous lawsuits, written letters to the FBI and Government officials, filed criminal complaints against IRS agents, attempted to have a special assistant U.S. attorney arrested, and challenged the mental competency of a United States District Court judge. His success has been nil, yet he still persists. The IRS keeps records on its computer system as to whether taxpayers file Forms 1040. IRS agents searched the computer master file and determined that petitioners had not filed tax returns for 1982, 1983, 1984, and 1985. 2. Respondent's Calculation of Petitioners' Unreported Income
Respondent used petitioners' bank records at West Columbia National Bank and Sweeney Bank for the years in issue to determine petitioners' deficiencies for 1982 through 1985. Petitioners deposited funds, which respondent determined were taxable, in these banks as follows: Taxable deposits
as determined
Year
Bank
by respondent
1982
West Columbia
$ 22,285.25
National Bank
1982
Sweeney Bank
45,412.52
1983
Sweeney Bank
84,866.71
1984
Sweeney Bank
91,802.93
1985
Sweeney Bank
55,218.13
3. Respondent's Summons to Produce Bank Records
In 1985 *120 petitioners brought an action in the United States District Court for the Southern District of Texas under section 7609 to quash respondent's summons compelling Sweeney Bank to produce petitioners' bank records. Petitioners argued that the Internal Revenue Code is invalid. The court rejected petitioners' assertion. In 1986 petitioners brought an identical action in the same court to quash respondent's summons compelling West Columbia National Bank to produce petitioners' bank records. Respondent moved for sanctions against petitioners which the court granted. 4. Deficiency Determination
Respondent determined that each petitioner is liable for one-half of the total taxable deposits for 1982 through 1985. Respondent adjusted each petitioner's tax liability for self-employment business expenses and personal exemptions. Respondent also determined that petitioner owes self-employment tax on his one-half of the taxable deposits for those years, but that petitioner wife does not based on the assumption that petitioner wife was not employed during the years in issue. Respondent's computation for petitioners' deficiencies is as follows: Christina Rollins
1982
1983
1984
1985
1.
Adjustments
to income
a.
Self-employment
$ 33,800 42,473 45,928 27,613 income [1]
b.
Personal
<1,000>
<1,000>
<1,000>
<1,040>
exemptions
c.
Self-employment
<1,320>
<1,207>
<  948>
< -0- >
bus. expenses
2.
Total
31,480 40,266 43,980 26,573 adjustments
3.
Taxable income
-- NOT FILED --
4.
Taxable income
31,480 40,266 43,980 26,573 as revised
5.
Tax from tax
9,575 12,528 13,489 6,127 tables
6.
Self-employment
-0-  -0-  -0-
-0-  tax
7.
Increase in tax
9,575
12,528 13,489 6,127 *121 Randall Rollins
1982
1983
1984
1985
1.
Adjustments
to income
a.
Self-employment
$ 33,800 42,473 45,928 27,613 income [1]
b.
Personal
<1,000>
<1,000>
<1,000>
<1,040>
exemptions
c.
Self-employment
<1,320>
<1,207>
<  948>
< -0- >
bus. expenses
2.
Total
31,480 40,266 43,980 26,573 adjustments
3.
Taxable income
-- NOT FILED --
4.
Taxable income
31,480 40,266 43,980 26,573 as revised
5.
Tax from tax
9,575 12,528 13,489 6,127 tables
6.
Self-employment
3,029 3,338 4,271 4,673 tax
7.
Increase in tax
12,604 15,866 17,760 10,800 5. Notices of Deficiency
Respondent mailed each petitioner two notices of deficiency. Three *122 notices were mailed on May 23, 1990. Two were sent to petitioners' Santa Maria, California, residence. Petitioners each received a notice at that address. A third was sent to petitioner wife at a Sweeney, Texas, address, which the parties agree she did not receive. The two notices sent to petitioner wife are identical. On June 18, 1990, respondent sent a fourth notice of deficiency to petitioner at a Pasadena, Texas, address. This notice was identical to the one petitioner received at his California address. Petitioners timely filed their petition in this case. 6. Estimated Taxes
Petitioners paid $ 5,141.36 in estimated taxes for 1982 and $ 0 for 1983, 1984, and 1985. The IRS credited most of the $ 5,141.36 to petitioner's employer's quarterly tax account for employees of petitioner's dental business. In addition, petitioner made the following employer's quarterly tax payments: Check no.
Date of check
Amount of payment
401
1/14/82
$ 525.00
412
1/30/82
608.45
414
1/30/82
51.25
162
4/29/82
649.50
101
7/29/82
649.50
465
1/14/83
649.50
506
2/1/83
42.00
641
4/8/83
529.84
693
4/30/83
85.31
878
7/15/83
580.80
1216
10/31/83
484.00
1590
4/30/84
440.49
*123 Petitioners received a $ 20 check from the IRS dated June 16, 1987, as a result of overpaying a fee for a copy of a tax form. OPINION 1. Burden of Proof
Petitioners bear the burden of proving that respondent's deficiency determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners argue that we should shift the burden of proof to respondent because petitioners allege they no longer possess the records to reconstruct their returns. We do not shift the burden of proof and petitioners have not presented evidence to shift the burden of going forward. Kluger v. Commissioner, 83 T.C. 309, 310 n.1 (1984). Petitioners admit that respondent offered them copies of their bank records. However, petitioners claim that the bank records cannot be used because petitioners did not use the records in preparing their returns for the years in issue. Petitioners offer no persuasive reason to shift the burden of proof, and thus we hold that the burden of proof remains with petitioners. 2. Petitioners' Failure to File Tax Returns
Respondent determined that petitioners failed to file *124 income tax returns for 1982 to 1985. Petitioners testified that they filed "all reports that are required by law". Petitioners have not produced copies of any returns or reports for the years in issue. Instead, petitioners offered several canceled checks which they used to pay employer's estimated taxes, and a $ 20 IRS refund check dated June 16, 1987, through which respondent returned petitioners' overpayment for a copy of a tax form, as evidence that they properly filed the reports required by law. Respondent prepared a substitute return for each year in issue, but this does not satisfy petitioners' requirement to file returns. Phillips v. Commissioner, 86 T.C. 433, 437-438 (1986), affd. in part and revd. in part on other issues 851 F.2d 1492 (D.C. Cir. 1988). Petitioners claim that the IRS shredded their returns. Petitioners offered undated newspaper articles which report that the IRS shredded forms. However, petitioners have no credible evidence that they filed returns. Petitioners' articles are at best a tactic to divert us from their lack of evidence of filing. Accordingly, we find that petitioners failed to *125 file income tax returns for 1982, 1983, 1984, and 1985. 3. Respondent's Use of Bank Records
Respondent subpoenaed petitioners' banks records and used the bank deposits method to reconstruct petitioners' income. It is well settled that, in the absence of adequate books and records, respondent may reconstruct a taxpayer's income by any reasonable method. Sec. 446(b); Holland v. United States, 348 U.S. 121 (1954). Petitioners do not dispute respondent's computations of their unreported income. Instead, petitioners allege that respondent unconstitutionally obtained their bank records through the use of an administrative summons. Based on this allegation, petitioners argue: (1) That respondent may not use those records to reconstruct their income; and (2) that this Court should "go behind" the alleged deficiency notices. As a general rule, this Court will not look behind a deficiency notice to examine alleged procedural irregularities. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). We have looked behind a deficiency notice when there is substantial evidence of unconstitutional conduct by *126 respondent. United States v. Janis, 428 U.S. 433, 441 (1976); Greenberg's Express, Inc. v. Commissioner, supra at 328. Petitioners' argument that the summons was unconstitutional was previously rejected in Rollins v. United States, No. G-85-157 (S.D. Tex. 1985) (order denying petition to quash IRS summons), and Rollins v. United States, No. G-86-277 (S.D.Tex. 1986). We do not consider petitioners' arguments about the legality of the administrative summons raised in those cases because of the principles of comity and judicial economy. Mast, Foos & Co. v. Stover Manufacturing Co., 177 U.S. 485, 488-489 (1900); see Arc Electrical Construction Co. v. Commissioner, 91 T.C. 947, 952-953 (1988); Walker v. Commissioner, T.C. Memo. 1992-54. We find that respondent's use of the bank records to compute petitioners' unreported taxable income is valid. 4. Unreported Income
Respondent determined that petitioners had unreported income from petitioner's dental practice of $ 67,601.06 in 1982, $ 84,866.71 in 1983, $ 91,802.93 *127 in 1984, and $ 55,218.13 in 1985. Petitioners do not dispute respondent's determination. Instead, petitioners make a variety of tax protester arguments which this Court and other Federal courts have repeatedly rejected, such as whether the Sixteenth Amendment applies to wages, whether wages are income, whether the IRS has a lawful place in our tax system, and whether the Internal Revenue Code defines "income". See Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984) (the constitutionality of our income tax system, including the role played by the IRS and the Tax Court, has long been established); United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984) (wages are income); Parker v. Commissioner, 724 F.2d 469, 471 (5th Cir. 1984) (the Sixteenth Amendment was enacted to provide for a direct income tax), affg. T.C. Memo. 1983-75; Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981) (section 61 includes compensation for services), affg. T.C. Memo. 1981-122. Petitioners dismiss these cases as wrongly *128 decided. We disagree, and therefore sustain respondent's determination. 5. Statute of Limitations
Petitioners argue that assessment of tax for 1982 to 1985 is barred because the period of limitations has expired. However, having found that petitioners failed to file returns for those years, we also find that the period of limitations remains open indefinitely for those years. Sec. 6501(c)(3); Collins v. Commissioner, T.C. Memo. 1980-133. Accordingly, we hold that the statute of limitations does not bar assessment of petitioners' tax liability for any of the years in issue. Sec. 6501(c)(3). 6. Notices of Deficiency
Respondent determined deficiencies for petitioners for each year in issue. Petitioners do not dispute respondent's determination. Instead, they argue that the notices of deficiency are invalid. Petitioners argue that the notices of deficiency are invalid because: (1) The period of limitations has run; (2) respondent did not send the notices to petitioners' last known address; and (3) respondent determined different deficiency amounts for petitioner than for petitioner's wife. First, as discussed above, we have found *129 that the period for assessment has not run and, thus, the notices of deficiency are timely. Second, a notice of deficiency is not invalid merely because it was not sent to the taxpayer's last known address. Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). Petitioners timely filed their petition. An error in the address to which the notice of deficiency is mailed does not render the notice invalid when the petition is timely filed. Id. at 68. Third, the deficiencies shown in petitioner's and petitioner wife's notices are different because, pursuant to section 1402(a)(5), respondent determined that petitioner owes self-employment tax on his half of the taxable deposits for the years in issue. We find that the differences between petitioner's and petitioner wife's deficiency notices are not arbitrary and that the notices of deficiency are valid. 7. Additions to Tax
a. Failure To Timely File
Respondent determined that petitioners are liable for additions to tax under section 6651(a)(1) for 1982, 1983, 1984, and 1985. If a taxpayer fails to file a timely income tax return, the taxpayer is liable for an *130 addition to tax of 5 percent per month (not exceeding 25 percent in the aggregate) of the amount of tax required to be shown on the return, unless the taxpayer shows that the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1); United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). We have found that petitioners did not file returns for the years in issue. Petitioners claim they filed all the required reports. They claim that they met their income tax requirements through the filing of Forms 1099, payment of petitioner's employer's estimated taxes, the substitutes for return prepared by respondent, and the fact that they got a $ 20 refund. These claims do not convince us that petitioners' failure to file was due to reasonable cause and not willful neglect. Accordingly, we sustain respondent's determination that petitioners are liable for additions to tax under section 6651(a)(1). b. Negligence
Respondent determined that petitioners are liable for additions to tax for negligence under section 6653(a)(1) and (2). Petitioners bear the burden *131 of proving that respondent's determination is wrong. Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Petitioners have unsuccessfully used these same frivolous arguments in related litigation before other Federal courts. They have given us no plausible reason to believe they were not negligent or that their conduct was reasonable. Therefore, we sustain respondent's determination that petitioners are liable for additions to tax under section 6653(a)(1) and (2) *132 on the full amounts of the underpayments. c. Failure to Pay Estimated Tax
Respondent determined that petitioners are liable for the additions to tax under section 6654 for 1982 through 1985 for failure to pay estimated tax. The addition to tax under section 6654(a) applies unless petitioners meet one of the computational exceptions of section 6654(d). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioners paid $ 5,141.36 in estimated tax for 1982, but paid no estimated income tax for 1983 through 1985. Because the amount they paid for 1982 was less than 80 percent of their income tax liability of $ 22,179 for 1982, petitioners are liable for an addition to tax under section 6654 for that year, unless an exception applies. Sec. 6654(d)(1)(B)(i). For 1982 a taxpayer was not liable for an addition to tax under section 6654 if the total amount of estimated tax paid for the year equaled the lesser of 80 percent of the tax for such year, sec. 6654(d)(1)(B)(i), or 100 percent of the tax shown on the taxpayer's return for the preceding year, sec. 6654(d)(1)(B)(ii). Petitioners do not meet this exception because the amount of estimated *133 tax that petitioners paid in 1982 ($ 5,141.36) does not equal or exceed the amount of tax petitioners' reported on their 1981 tax return ($ 8,336). Accordingly, petitioners are liable for additions to tax under section 6654 for each year in issue. 8. Anti-Injunction Relief
Petitioners seek to enjoin respondent from collecting tax and additions to tax. Section 7421(a), the Anti-Injunction Act, provides that, with few statutory exceptions, none of which apply here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 6 (1962), the Supreme Court created a judicial exception to the Anti-Injunction Act. Under this exception, the taxpayer must prove that the Government cannot prevail and demonstrate irreparable harm if the Commissioner's assessment and collection are not enjoined. Id. at 6-7. Irreparable harm may occur where the taxpayer has no adequate remedy at law. Commissioner v. Shapiro, 424 U.S. 614, 623 (1976). *134 Petitioners argue that they fall within an exception because: (1) The notices of deficiencies were invalid; and (2) petitioners would suffer irreparable harm if injunctive relief is denied because they have no other adequate legal remedy. We have found that the notices of deficiency are valid, and petitioners have failed to prove that respondent could not prevail. Therefore, we find the Anti-Injunction Act does not authorize enjoining assessment or collection of tax in this case. Decision will be entered under Rule 155. Footnotes
1. This amount has not been determined at this time.↩
1. This amount has not been determined at this time.↩
1. One-half the taxable deposit for the respective year.↩
1. One-half the taxable deposit for the respective year.↩