**A. Ralph D'ANDREA, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14640.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1959.

Decided Feb. 19, 1959.

---

* Now 5 U.S.C.A. § 2257(a, b).

Mr. Robert Ash, Washington, D. C., for petitioner.

Mr. Charles B. E. Freeman, Attorney, Department of Justice, of the bar of the Supreme Court of Massachusetts, pro hac vice by special leave of Court, with whom Asst. Atty. Gen. Charles K. Rice and Mr. Lee A. Jackson and Miss Melva M. Graney, Attorneys, Department of Justice, were on the brief, for respondent. Mr. Marvin W. Weinstein, Attorney, Department of Justice, and Mr. Rollin H. Transue, Sp. Atty., Internal Revenue Service, also entered appearances for respondent.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The Commissioner of Internal Revenue sent by registered mail on June 25, 1957, a notice of income tax deficiency to A. Ralph D'Andrea, addressing him at 64 East 34th Street, New York, N. Y. On the same day he sent a copy by ordinary mail to Charles H. Renthal, 1501 Broadway, New York, N. Y., the petitioner's attorney in fact.

The registered letter was not delivered to D'Andrea, but was returned to the sender. The copy was duly received by Renthal. A petition for redetermination of the deficiency was mailed to the Tax Court of the United States September 24, 1957.

On November 22, 1957, the respondent Commissioner filed with the Tax Court a motion to dismiss "for lack of jurisdiction for the reason that the petition was not filed within ninety days after the mailing of the statutory notice of deficiency (not counting Saturday, Sunday or a legal holiday in the District of Columbia as the 90th day), as provided in Section 6213(a) of the Internal Revenue Code of 1954 [26 U.S.C.A. § 6213 (a)]." In support, it was alleged that "the notice of deficiency was mailed to the petitioner on June 25, 1957; that the time for filing a petition with the Tax Court expired on September 23,

1957, which date was not a Saturday, Sunday or a legal holiday in the District of Columbia; and that the petition herein was not delivered by the United States mail to the Tax Court until September 24, 1957, pursuant to Section 7502 of the Internal Revenue Code of 1954 [26 U.S.C.A. § 7502]." [1]

After a hearing, the Tax Court granted what it described as "respondent's motion to dismiss for lack of jurisdiction alleging that the petition was not filed with the Court within the time prescribed by statute." Thereafter, the petitioner filed a motion to vacate the order of dismissal, alleging facts tending to show the notice of deficiency was not sent by registered mail to his last known address as required by § 6212 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6212. The effect of the motion was to charge that, instead of dismissing for lack of jurisdiction on the ground of tardy filing, the Tax Court should have dismissed for lack of jurisdiction on the ground that the 90-day deficiency notice was not sent by registered mail to the petitioner at his last address known to the Commissioner.

The motion to vacate the order of dismissal was denied April 16, 1958, by the following order entered by the Tax Court:

"This proceeding was dismissed for lack of jurisdiction on the ground that the Tax Court lacked jurisdiction because the petition to the Court was not filed within the time allowed by statute. The petitioner has filed a motion to vacate that order of dismissal because the notice of deficiency was sent by registered mail to the petitioner at the address shown on the return [2] whereas the petitioner had notified the Commissioner prior to the mailing of that notice that communications in re-

gard to his tax liability should be sent to him care of a named person at the address of that person, which address was different from that of the taxpayer shown on his return.

"The taxpayer is thus hopelessly placed on the horns of a dilemma. If the notice sent by registered mail to the taxpayer at the address shown on his return was a proper notice under the law, then the order dismissing the proceeding for the reasons given therein was proper. But if that notice was not a proper one as provided by law because it was not sent by registered mail to the last address of the taxpayer known to the Commissioner, then the record shows that no notice of deficiency was ever sent in accordance with the law, and for that reason this Court has no jurisdiction and the dismissal for lack of jurisdiction was not improper. After due consideration, it is

"Ordered, that the petitioner's motion to vacate is denied."

Decision turns on whether the statutory notice was sent to the petitioner "at his last known address." If it was, the Tax Court may have been correct in dismissing the petition for redetermination as having been filed one day too late.[3] But if it was not sent "to the last known address," then the notice which starts the running of the 90-day period was never given, and the dismissal for lack of jurisdiction should have been based on that fact. For, in the total absence of a 90-day registered letter to the taxpayer or his duly authorized representative,[4] the statutory scheme has not been set in motion, and there is no case or controversy to which the Tax Court's jurisdiction can attach.

In other words, the order of dismissal for late filing in effect denied a redeter-

---

1. This section provides that timely mailing shall be timely filing.

2. The Tax Court erred in referring to the petitioner's return. It is agreed that returns for the years in question had not been filed.

3. As will be seen, we do not reach that question.

4. Commissioner of Internal Revenue v. Stewart, 6 Cir., 1951, 186 F.2d 239.

mination by the Tax Court and implicitly left the Commissioner's determination of deficiency effective and unreviewable; but a dismissal for lack of jurisdiction due to the Commissioner's failure to send a deficiency notice to the petitioner's last known address, as contended by D'Andrea, would give him relief because the Commissioner must then begin over by sending a deficiency notice to the correct address, after which a new petition can be filed with the Tax Court within the statutory period.

According to the affidavit of the Technical Advisor of the Internal Revenue Service, which was filed with the Tax Court, he "concluded that the petitioner's address was 64 East 34th Street, New York, N. Y., as a result of his examination of the case file, which disclosed that the power of attorney filed by the representative with the District Director of Internal Revenue on June 1, 1956 set forth 64 East 34th Street, New York, N. Y. as petitioner's address." This was the basis for the Commissioner's choice of the 34th Street number in New York as "the last known address."

The power of attorney filed June 1, 1956, from which the Technical Advisor decided that 64 East 34th Street, New York, N. Y., was the last known address, was also before the Tax Court. In pertinent part, it is as follows:

"Know All Men by These Presents, that I, Ralph D'Andrea, 64 East 34 Street, New York, New York, hereby make, constitute and appoint, with full power of substi-

tution, Charles H. Renthal my true and lawful attorney * * * to defend me against proposed additional taxes. * * *

"And I hereby request and direct that all correspondence, documents, warrants or other data in connection with this matter be sent in care of Charles H. Renthal, 1501 Broadway, New York, N. Y."

This instrument begins with the petitioner's then present address, and closes with the clear designation of a new one.[5] The latter was thereafter the address last known to the Commissioner.

The Technical Advisor clearly mistook the import of the power of attorney when he concluded from it that the petitioner's last known address was 64 East 34th Street, New York, N. Y. The Commissioner relied upon the mistake when he sent the deficiency notice to the wrong address; and the Tax Court fell into error by following the same mistake. Cf. Eppler v. Commissioner of Internal Revenue, 7 Cir., 1951, 188 F.2d 95; United States v. Williams, D.C.S.D.Ohio 1958, 164 F.Supp. 874.[6]

Sending a copy of the deficiency notice by ordinary mail to petitioner's attorney in fact fell far short of satisfying the statutory requirement. This case is factually different from Commission of Internal Revenue v. Stewart, 1951, 186 F. 2d 239, where the Sixth Circuit held notice by registered mail to the taxpayer's attorney in fact was sufficient. There the attorney in fact was acting under a

---

5. This was done, it was shown, because, on January 10, 1956, when the power of attorney was actually executed, the petitioner intended to and shortly did move from 64 East 34th Street, New York, N. Y., to a location in Philadelphia.

6. In the latter case, the taxpayer, Williams, filed a power of attorney which authorized and requested that all communications concerning his tax matters be

mailed to Sol Goodman, 1016 Union Trust Building, Cincinnati, Ohio. The statutory notice of deficiency was sent by registered mail to Williams himself, c/o Sol Goodman, 1016 Union Trust Building, Cincinnati, Ohio.

The Government successfully contended that the address in care of Goodman was the "last known address" and that therefore the 90-day letter was sent to the proper place.

broader power than we have here; the notice was registered and the taxpayer was held to have waived any infirmity in the giving of notice by duly filing a petition for redetermination in the Tax Court within the 90-day period, thereby showing that he seasonably received the information contained in the notice to his attorney.

The case is remanded with directions to vacate the order dismissing the petition for lack of jurisdiction because of late filing, and in lieu thereof to enter an order dismissing for lack of jurisdiction because the notice of deficiency was not legally given.

Reversed and remanded.