ESTATE OF DANA C. MOSS, MARJORIE H. MOSS (NOW WOHLERS), EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Moss v. Commissioner
Docket No. 7266-76.
United States Tax Court
T.C. Memo 1978-99; 1978 Tax Ct. Memo LEXIS 419; 37 T.C.M. (CCH) 449; T.C.M. (RIA) 780099; March 9, 1978, Filed James *420 E. Bishop,Jack R. Givens, for the petitioner. James D. Thomas, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's Federal estate tax of $24,219.35. Both parties have moved that this case be dismissed for want of jurisdiction, respondent on the grounds that the petition was not timely filed, [1] petitioner on the grounds that under section 6212 [2] the statutory notice was invalid. The issue for decision is whether the statutory notice was mailed to petitioner's last known address; specifically, (1) whether petitioner delivered to respondent a power of attorney (Form 2848) providing petitioner's new address and directing that copies of notices and other written communication be sent to the estate's accountants; and (2) Whether respondent exercised reasonable diligence in ascertaining petitioner's correct address. FINDINGS OF FACT Some of the *421 facts have been stipulated by the parties and are found accordingly. Prior to his death on May 4, 1971, Dana C. Moss resided in Tulsa, Oklahoma. Marjorie H. Moss Wohlers (hereafter referred to as Mrs. Moss) is the widow of Dana C. Moss and the executrix of his estate. At the time of her husband's death, Mrs. Moss lived with him at 5858 East 58th Street in Tulsa, Oklahoma. She resided there until March 8, 1974, when she moved to 4718 East 54th Street in Tulsa, [3] where she lived at the time this petition was filed. On May 22, 1974, Mrs. Moss remarried. A Federal estate tax return for the Estate of Dana C. Moss was filed on September 29, 1972. This return lists Mr. Otho Flippo of Farmer, Woolsey, Flippo and Bailey, Inc., as the attorney-preparer of the return, and also lists the firm of Cross and Company, Certified Public Accountants, as a return preparer. Russell Robinson, a certified public accountant and a member of the firm of Cross and Company, *422 was in charge of preparing the return, and it was he who dealt with the Internal Revenue Service concerning the return. Prior to filing the return, he wrote several letters to the Service requesting extensions of the time in which to file the return. The Service responded to each of these requests, addressing its response to "Estate of Dana C. Moss, c/o Norman C. Cross." After the return was filed there was a brief period of confusion caused by an error in recording receipt of the return (during which period all correspondence between the Service and the estate was addressed c/o Cross and Company). The next communication between the Service and the estate was a letter from the Service to the estate confirming that the return had been received and was being processed and requesting additional information. This letter, received on June 6, 1973, was addressed to "Marjorie H. Moss, executrix, c/o Farmer, Woolsey, Flippo and Bailey, Attorneys, Mr. Otho Flippo." A reply was sent to the Service on January 25, 1974, providing the requested information; the reply noted that a carbon copy of the letter was being sent to Cross and Company. In May 1974 the Service began a more complete *423 review of the estate's return. On May 2, 1974, a letter was mailed by the Service to "Marjorie H. Moss, Executrix, 5858 East 58th Street," in which the Service requested more information and enclosed blank Forms 2848 (power of attorney) and 4421 (attorney's fees). Mrs. Moss had already moved by the date the letter was mailed, but the Post Office forwarded the mail to her new address. [4] Mrs. Moss forwarded this letter to her accountants, Cross and Company, who contacted the Service and began discussions concerning the tax liability of the estate. Russell Robinson of Cross and Company and James Cinocca, a revenue agent, were the primary parties to the discussions concerning the estate tax return. Their first meeting was on September 3, 1974. Their next meeting was on October 22, 1974, at the offices of Cross and Company. Mr. Cinocca came to the offices of Cross and Company twice on that day. In the morning he went through materials provided him by Mr. Robinson. He then took these *424 materials back to his office, cleared his tentative recommendations with his superiors, and returned to Cross and Company to present these recommendations to Mr. Robinson [5] along with a Form 890 (waiver of restriction on assessments). Agreement, however, was not reached and discussions continued after this meeting. Prior to the meeting on October 22, 1974, Mr. Robinson had obtained from Mrs. Moss a signed power of attorney (Form 2848) setting forth her new address and designating Mr. Robinson attorney-in-fact to represent the estate concerning the estate tax return. He placed the power of attorney on top of the documents which Mr. Cinocca had requested to review in a vacant room adjacent to his office. During the morning of October 22 Mr. Cinocca used this vacant room, and after he left the Form 2848 and the other documents were no longer in the room. Respondent had in his files at the time of trial all the *425 documents which Mr. Robinson had placed on the table except the power of attorney. Since the parties had failed to agree, further discussions were held. Mr. Robinson and Mr. Cinocca talked in November 1974, in February and March of 1975, and had a final conversation concerning their disagreement on April 2, 1975. [6] On April 28, 1975, Mr. Cinocca sent to Mr. Charles Solcher, manager of the estate tax group in Oklahoma City, his (Mr. Cinocca's) recommendation (Report Transmittal) that the Service determine a deficiency in the estate's taxes. On this Report Transmittal Mr. Cinocca indicated that the statutory notice should be sent to Mrs. Moss at 5858 East 58th Street, [7] and that a copy of the statutory notice should be sent to Mr. Robinson at the offices of Cross and Company. However, Mr. Cinocca noted on the Report Transmittal that he did not have in his files any power of attorney designating Mr. Robinson attorney-in-fact for the estate. [8] The Report Transmittal also indicated that Mr. Cinocca had discussions concerning this estate only with Mr. Robinson. *426 Mr. Cinocca's Report Transmittal was re-examined in Oklahoma City by Mr. Solcher. Since no power of attorney was in the file, Mr. Solcher decided that Mr. Robinson was not entitled to receive a copy of the statutory notice, and overruled Mr. Cinocca's directions that a copy of the notice of deficiency be mailed to Mr. Robinson. However, Mr. Robinson's name and address still appeared on the Report Transmittal. Otherwise, the deficiency determination recommendation by Mr. Cinocca was approved. Mr. Solcher then sent the Report Transmittal to a reviewer for further processing. [9]
*427 On May 14, 1975, the Service mailed to Mrs. Moss at 5858 East 58th Street, Tulsa, a letter containing copies of the examination report and notification of the estate's appeal rights (a 30-day letter). This letter was returned undelivered to the Service on May 19, 1975. On July 23, 1975, the statutory notice was sent to Mrs. Moss at the same address; this was returned undelivered to the Service on July 28, 1975. No further action was taken; the undelivered statutory notice remained at the Service's offices in Oklahoma City until at least October 28, 1975. Sometime in April 1975 Mr. Cinocca was contacted by Mr. Norman Cross (of Cross and Company) and by Mr. Robinson concerning the progress of the audit of the estate's tax return. Both men expressed concern that they be notified about any deficiencies, and both also indicated their understanding that a statutory notice would be issued soon since the three-year statute of limitations was due to expire in September. After April 1975, Mr. Cross and Mr. Robinson continued to inquire of Mr. Cinocca about the statutory notice. Apparently in September, before the statute of limitations ran, Mr. Robinson met Mr. Cinocca and again inquired *428 about the statutory notice. Mr. Robinson also called Mr. Cinocca about the notice later that month. Since Mr. Cinocca had nothing to do with the case after he filed his Report Transmittal, he referred Mr. Robinson to Mr. Solcher. Mr. Solcher was called by Mr. Robinson several times, although the exact dates of their conversations are unclear. On October 28, 1975, Mr. Solcher told Mr. Robinson that the statutory notice had been returned undelivered, whereupon Mr. Robinson gave Mr. Solcher a new address. However, the statutory notice was not remailed, since the 90-day period to petition the Tax Court had already expired. Mr. Solcher was also contacted by Mr. Cinocca (apparently in September) about the lack of a statutory notice, but no action was taken. On December 2, 1975, Mrs. Moss received an assessment notice. This notice was mailed to her at the address of Dana Moss' prior place of business, and a carbon copy was sent to Mr. Flippo. Eventually a copy of the statutory notice was obtained by Mr. Robinson. ULTIMATE FINDING OF FACT Mr. Robinson delivered to Mr. Cinocca a power of attorney designating Mr. Robinson as Mrs. Moss' attorney-in-fact and containing Mrs. Moss' new *429 address. This power of attorney was lost or misplaced by respondent's agents. OPINION In this case petitioner alleges that a Form 2848 (Power of Attorney) was filed with respondent, and that this Form 2848 provided respondent with both the executrix's new address and the address of the estate's designated attorney. Respondent concedes that if this power of attorney was filed with him by petitioner, the statutory notice in this case is invalid since it was not mailed to petitioner's last known address. Cf. D'Andrea v. Commissioner,263 F. 2d 904, 907 (D.C. Cir. 1959). Petitioner bears the burden of proving that the Form 2848 was delivered to respondent, Rule 142(a), Tax Court Rules of Practice and Procedure, and we find that petitioner has met this burden. Mrs. Moss, the executrix of the estate, signed a power of attorney containing her new address and designating Mr. Robinson as attorney-in-fact for the estate. Mr. Robinson placed this Form 2848 in a room that Mr. Cinocca, the Revenue Agent auditing the estate, was to use. After Mr. Cinocca left the room all the documents, including the power of attorney, were gone. At the time of trial the Revenue Service's *430 file contained all the documents which Mr. Robinson placed in the room for Mr. Cinocca except the power of attorney. Mr. Cinocca testified that he did not remember receiving the power of attorney, but admitted that he could have received it and misplaced it. In support of his contention that no power of attorney was received, respondent relies primarily on the routine procedures followed by the Revenue Agent Cinocca. He testified that he routinely attaches a power of attorney to the front page of an estate tax return. In this case, no power of attorney was attached. We think respondent's reliance on the agent's routine is insufficient in view of the Revenue Agent's negotiations for settlement of this case with Mr. Robinson. Without a power of attorney Mr. Robinson could not have executed the Form 890 which Mr. Cinocca had given him. Section 601.502(c)(2)(ii), Statement of Proc. Rules. We believe Mr. Robinson's testimony that Mr. Cinocca at all times acted as though he had Robinson's power of attorney and never asked him for a power of attorney after the day he left it for Mr. Cinocca with the other documents in the vacant room. We conclude that a power of attorney was delivered *431 to respondent's agent and misplaced by him. Since the statutory notice was not delivered to either the petitioner's address as shown on the power of attorney nor to Mr. Robinson, the statutory notice is invalid. [10]
An appropriate order will be entered. Footnotes
1. Petitioner does not dispute that if the statutory notice is valid its petition was filed after the 90-day period for filing had expired. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. Mr. Cinocca, the agent in charge of the estate for the Internal Revenue Service, knew that Mrs. Moss had moved but did not know her new address. He also knew she could be contacted through Mr. Robinson, her accountant.↩
4. It is the practice of the Post Office to forward mail pursuant to a change of address card for one year; in this case, the Post Office had been notified of the address change in March 1974.↩
5. In their conversation on October 22, Mr. Cinocca told Mr. Robinson that Mr. Robinson could settle on behalf of the estate since "you [Mr. Robinson] have a power of attorney." Mr. Robinson did not sign the Form 890, however, because all issues remained in dispute.↩
6. Mr. Cinocca testified that on April 28 he informed Mr. Robinson that there was no Form 2848 in the file. Mr. Robinson denies that he was ever so informed. We do not find Mr. Cinocca's statement to be entirely credible; he admitted that all of his testimony was reconstructed on the basis of his daily activity log but there was no entry in the log after April 2, 1975. And, as Mr. Robinson testified, we doubt that Mr. Robinson, a knowledgeable accountant, would not have taken action had he been so informed. ↩
7. Mr. Cinocca inexplicably used this address even though he knew that Mrs. Moss had sold the house and moved. ↩
8. Without a power of attorney, it was a violation of sec. 601. 506(a), Statement of Proc. Rules, to mail a statutory notice to anyone other than the taxpayer. Apparently, Mr. Cinocca decided to violate this rule by sending a copy of the notice of deficiency to Mr. Robinson as a courtesy to him. Effective January 1, 1977, the law now states that returns and return information are confidential and not subject to disclosure except as specifically authorized by statute. Section 6103(a). Persons with a material interest have a right of inspection and disclosure of returns to the same extent as provided in the regulations under prior law. Disclosure and inspection of an estate's return, upon written request, are available to the administrator, executor or trustee for the estate. Section 6103(e)(1)(E). Returns and return information are also available to persons so designated by the taxpayer in writing. Section 6103(c).↩
9. In general, when he receives a power of attorney (Form 2848), Mr. Cinocca attaches it to the front of the estate tax return (Form 706). Similarly, when he prepares a Report Transmittal he carefully goes through the file to determine the taxpayer's address and to see if there is a Form 2848 in the file. When Mr. Solcher reviews a file, he usually checks the address and checks for a power of attorney as well, and a similar re-check is made by Mr. Lambertus, who is in charge of preparing statutory notices in the Oklahoma City district. If a statutory notice is returned undelivered, usually the file is re-checked to determine if there is any other address to which the notice can be mailed. This check is made by someone in the clerical staff of the audit service branch.↩
10. Because we find that petitioner delivered the power of attorney to respondent, we need not reach the other issue in this case, whether respondent exercised reasonable diligence in ascertaining petitioner's correct address.↩