Richard L. MULVANIA,
Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 84-7359.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 1, 1985.

Decided Aug. 27, 1985.

Paul Frederic Marx, Hufstedler, Miller, Carlson & Beardsley, Newport Beach, Cal., for petitioner-appellee.

Gilbert Rothenberg, Tax Div., Michael Paup, Washington, D.C., for respondent-appellant.

Before GOODWIN, SNEED and SKOPIL, Circuit Judges.

GOODWIN, Circuit Judge.

The Commissioner of the Internal Revenue Service appeals a decision of the Tax Court that it lacked jurisdiction to assess a deficiency against taxpayer, Richard L. Mulvania, because he did not receive a valid notice of deficiency within the three-year statute of limitations on assessments. We affirm.

Mulvania timely filed an income tax return for 1977 showing his address as 57 Linda Isle Drive, Newport Beach, California. The return was prepared by Gerald F. Simonis Accountants, Inc. On June 13, 1979, the IRS sent a letter to Mulvania setting forth proposed adjustments to his 1974 and 1977 income tax. A copy of that letter was also forwarded to Simonis, who held a power of attorney requesting that copies of all documents sent to Mulvania also be sent to him. Mulvania received the letter.

On December 31, 1980, the IRS sent a letter to Mulvania requesting an extension of the limitations period for assessing Mulvania's 1977 tax liability, which was never executed. On April 15, 1981, the last day of the three-year statutory period in which the IRS could assess a tax deficiency, the IRS sent Mulvania a notice of deficiency with respect to the tax year 1977. The notice was sent by certified mail, addressed as "St. Linda Isle Drive," rather than "57 Linda Isle Drive," Mulvania's correct address. The postal service returned the notice to the IRS on April 21, 1981, marked "Not deliverable as addressed." The IRS placed the returned notice in Mulvania's file and, because the statutory period had expired, did not attempt to remail it.

On the same date that the misaddressed notice of deficiency was mailed to Mulvania, the IRS sent a copy of the notice by ordinary mail to Simonis, who received it on or about April 17, 1981. Expecting that Mulvania would soon call him about the notice, Simonis filed the notice and made a note to follow up. About June 1, 1981, when Simonis called Mulvania to discuss the notice of deficiency, he found out that Mulvania had never received the notice. There is no evidence in the record that Simonis discussed the contents of the notice with Mulvania.

On or about June 15, 1981, after Simonis (who is not a lawyer) advised Mulvania that Simonis' notice was not a valid notice of deficiency for 1977, Mulvania decided not to file a petition in the Tax Court for a

redetermination of assessment of deficiency. Mulvania changed his mind, however, and, on April 1, 1983, filed a petition in the Tax Court requesting a redetermination of the deficiency for 1977.

Both parties then filed cross-motions to dismiss for lack of jurisdiction. The Commissioner argued that Mulvania's petition, which was filed almost two years after the notice of deficiency was mailed, was untimely pursuant to 26 U.S.C. § 6123(a).[1] Mulvania claimed the Tax Court lacked jurisdiction to assess a deficiency for 1977 because the three-year statute of limitations had run, and Mulvania had never received a valid notice of deficiency which would have tolled the statute of limitations as provided in 26 U.S.C. § 6503(a).[2]

The Tax Court, 81 T.C. 65, granted Mulvania's motion to dismiss for lack of jurisdiction and denied the Commissioner's motion to dismiss. This appeal followed.

Section 6501(a)[3] provides that the amount of any deficiency in income tax shall be assessed within three years after the return is filed. Section 6503(a) provides, however, that the running of the

three-year limitation period is suspended by "the mailing of a notice under section 6212(a)."[4] Section 6212(a) authorizes the Commissioner, upon determining that there is a deficiency in income tax, to send a notice of deficiency to the taxpayer by certified mail or registered mail. Section 6212(b)(1)[5] provides that a notice of income tax deficiency shall be sufficient if it is mailed to the taxpayer at his last known address. Section 6213(a) permits a taxpayer to whom a notice of deficiency is mailed to file a petition in the Tax Court within 90 days after the notice is mailed.

Cases interpreting the interplay of these sections have fallen into three broad categories.

■ First, a notice of deficiency actually, physically received by a taxpayer is valid under § 6212(a) if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition in the Tax Court even though the notice is erroneously addressed. *Clodfelter v. Commissioner*, 527 F.2d 754, 757 (9th Cir.1975), *cert. denied*, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 805 (1976);

1. **§ 6213. Restrictions applicable to deficiencies; petition to Tax Court**
   (a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency....

2. **§ 6503. Suspension of running of period of limitation**
   (a) Issuance of statutory notice of deficiency.—
   (1) General rule.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency ..., shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment or from collecting by levy or a proceeding in court ..., and for 60 days thereafter.

3. **§ 6501. Limitations on assessment and collection**
   (a) General rule.—Except as otherwise provided in this section, the amount of any tax

imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

4. **§ 6212. Notice of deficiency**
   (a) In general.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapters 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

5. **§ 6212. Notice of Deficiency**
   (b) Address for notice of deficiency.—
   (1) Income and gift taxes and certain excise taxes.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax ... if mailed to the taxpayer at his last known address, shall be sufficient ... even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

*Mulvania v. Commissioner,* 81 T.C. 65 (1983).

■ Second, a notice of deficiency mailed to a taxpayer's last known address is valid under § 6212(b)(1) regardless of when the taxpayer eventually receives it. *DeWelles v. United States,* 378 F.2d 37, 39–40 (9th Cir.), *cert. denied,* 389 U.S. 996, 88 S.Ct. 501, 19 L.Ed.2d 494 (1967).

■ Third, an erroneously addressed and undelivered registered notice of deficiency is not valid under either § 6212(a) or 6212(b)(1) even if the Commissioner also sends a copy of the notice by regular mail to the taxpayer's attorney. *D'Andrea v. Commissioner,* 263 F.2d 904, 907 (D.C.Cir. 1959); *see Reddock v. Commissioner,* 72 T.C. 21 (1979).

In this case the actual notice of deficiency which was mailed to Mulvania became null and void when it was returned to the IRS; at that time, the IRS then knew that the notice had been misaddressed and had not been received. This is not a case in which the notice was improperly addressed, but the postal authorities nonetheless delivered the letter to the taxpayer. *Clodfelter,* 527 F.2d at 756. Mulvania has never physically received a notice of deficiency.

■ The Commissioner argues that because Mulvania's accountant received a courtesy copy of the notice and called Mulvania before the 90 days had expired, Mulvania therefore received valid notice and now lacks a basis for a petition in the Tax Court. Mulvania argues that a courtesy copy of a notice of deficiency cannot be transformed into a valid notice of deficiency simply because the accountant called and told the taxpayer about the notice.

■ With a broad power of attorney, registered notice to the attorney or accountant may also serve as notice to the taxpayer under the law of principal and agent if the taxpayer himself received some notification in time to file a petition before the tax court. *Commissioner v. Stewart,* 186 F.2d 239, 242 (6th Cir.1951). *But see D'Andrea,* 263 F.2d at 907–08 (copy sent by ordinary mail insufficient where there was no evidence that taxpayer seasonably received the information contained in the notice to his attorney). A taxpayer may also designate the address of his representative as that to which any deficiency notice should be sent. *Expanding Envelope and Folder Corp. v. Shotz,* 385 F.2d 402, 404 (3rd Cir.1967); *see D'Andrea,* 263 F.2d at 907.

Because Simonis did not have a broad power of attorney, however, the law of principal and agent does not apply. Mulvania had only granted him a power of attorney which requests that courtesy copies of all communication be sent to his representative. The IRS clearly knew that Simonis was not to be the addressee of the official notice of deficiency; it sent him only a copy and only by ordinary, unregistered, uncertified mail. *See D'Andrea,* 263 F.2d at 905. *See also Keeton v. Commissioner,* 74 T.C. 377 (1980); *Houghton v. Commissioner,* 48 T.C. 656 (1967).

The Commissioner relies on two Tax Court cases for the proposition that the copy of the notice sent to Simonis sufficed to toll the three-year statute of limitations. In *Lifter v. Commissioner,* 59 T.C. 818 (1973), the notice of deficiency was sent to the taxpayers' last known address but was returned undelivered. The Commissioner then sent a copy of the notice to the taxpayers' attorney who had been appointed to handle their federal income tax matters. The taxpayers learned of the notice before the running of the statute of limitations and timely filed a petition with the Tax Court. The notice of deficiency was held valid.

*Lifter* may be distinguished from this case in three respects. First, the IRS sent the notice to what was reasonably believed to be petitioners' last known address, and a notice of deficiency mailed to a taxpayer's last known address is valid even if the taxpayer does not receive it. *DeWelles,* 378 F.2d at 39. Second, taxpayers invoked the jurisdiction of the Tax Court by filing a timely petition. By timely invoking Tax Court jurisdiction, taxpayers effectively

waived any objection to the notice of deficiency. Finally, the attorney to whom a copy of the notice was sent apparently had a broad power of attorney, beyond mere receipt of copies of notices sent to taxpayers. The Commissioner in *Lifter* could have sent the original notice to the attorney alone. *See D'Andrea*, 263 F.2d at 905.

In *Whiting v. Commissioner*, T.C. Memo 1984–142 (1984), the notice was sent to taxpayers' previous address although the IRS had been informed of the change of address. The notice was returned undelivered. A copy of the notice was also sent to their attorney who eventually informed them of the notice. The taxpayers filed a timely petition with the Tax Court. They challenged the validity of the notice, but the Tax Court held it was valid because the petitioners became aware that the notice had been issued and timely filed a petition.

*Whiting* and this case differ in two critical respects. First, in *Whiting* the notice was sent to the wrong address, even after the IRS had been informed of the change of address. Here the notice was misaddressed because of a typographical error. Second, in *Whiting*, petitioners chose to invoke jurisdiction of the Tax Court after learning of the notice from their attorney. As in *Lifter*, by timely invoking Tax Court jurisdiction, taxpayers essentially acknowledged notice; the purpose of § 6212 had been satisfied. Here, Mulvania has never acknowledged notice by invoking Tax Court jurisdiction in a timely manner.

In *Whiting*, the Tax Court engaged in a cursory analysis of the validity of the notice, concluding that an error in the address to which the notice of deficiency is mailed does not render the notice invalid when the petition is timely filed, *citing Mulvania*, 81 T.C. at 68. In *Mulvania*, however, the taxpayer received the actual, physical notice of deficiency although it had been mailed to his former address and had later been hand delivered by his child.

The resolution of this issue is a "least-worse" result. Mulvania argues that he never received the actual written notice of deficiency because it was misaddressed.

The IRS sent the notice on the last day of the statutory period, making it impossible for the Commissioner to remail the notice within the prescribed time once the error was discovered. To decide for the Commissioner would relieve the IRS of its cumulative errors, and create uncertainty in the law. The IRS argues, however, that this is a mobile society, clerical mistakes do happen, and the taxpayer had actual knowledge of the notice even if not its contents.

The Tax Court was understandably concerned that a decision in the Commissioner's favor would result in an uncertain rule depending upon whether the tax adviser happened to be a lawyer. As a lawyer, a tax adviser's call to Mulvania regarding the notice would have been privileged. The Tax Court correctly believed that a decision for the Commissioner would result in an uncertain rule, subject to manipulation by taxpayers who authorize copies to be sent to their accountant or lawyer, or by taxpayers with the most sophisticated tax advisers.

It is better for the government to lose some revenue as the result of its clerical error than to create uncertainty. If Simonis, either intentionally or unintentionally, had not informed Mulvania of the receipt of the copy of the notice of deficiency, then Mulvania would not have received any notification of the deficiency. Tax law requires more solid footings than the happenstance of a tax adviser telephoning a client to tell him of a letter from the IRS.

We conclude that, where a notice of deficiency has been misaddressed to the taxpayer or sent only to an adviser who is merely authorized to receive a copy of such a notice, actual notice is necessary but not sufficient to make the notice valid. The IRS is not forgiven for its clerical errors or for mailing notice to the wrong party unless the taxpayer, through his own actions, renders the Commissioner's errors harmless. In this case, the notice of deficiency became null and void when it was returned to the IRS undelivered. Regardless of the coincidence by which Mulvania later came to know of its existence, the taxpayer's

actual knowledge did not transform the void notice into a valid one.

Had Mulvania timely petitioned the Tax Court for a redetermination of deficiency, the IRS error might have fallen into the line of harmless error cases where the taxpayer suffered no ill effects for the Commissioner's inadvertence. Such is not the case here.

Affirmed.