BARRY S. MARLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marlin v. Commissioner
Docket No. 40290-84.
United States Tax Court
T.C. Memo 1985-600; 1985 Tax Ct. Memo LEXIS 33; 51 T.C.M. (CCH) 74; T.C.M. (RIA) 85600; December 10, 1985. David, Roth, for the petitioner. Pamela R. Piland, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $349,472 in petitioner's Federal income tax liability for 1978. Respondent has moved for dismissal for lack of jurisdiction because the petition was not filed within 90 days after the notice of deficiency was sent. Petitioner has moved for dismissal for lack of jurisdiction on the ground that the statutory notice of deficiency was not sent to petitioner's *34 last known address. FINDINGS OF FACT Petitioner was a resident of New York, New York, at the time the petition was filed. [1] On petitioner's income tax return for 1978, he claimed deductions arising out of a partnership known as H.S. Associates. In or about November 1981, petitioner retained David Roth (Roth) as his attorney with respect to a then pending examination of petitioner's income tax liability for the years 1970 through 1974, inclusive. Roth submitted a Form 2848, Power of Attorney, to James Gima (Gima), Appeals Officer, Appeals Division, Internal Revenue Service, Los Angeles, California. The power of attorney authorized Roth to represent petitioner before the Internal Revenue Service with respect to Federal income, employment and excise taxes and penalties or additions to tax "for all the taxable periods included in *35 the period beginning January 1, 1960 to December 31, 1990, inclusive." Also typed on the power of attorney was the following: By the execution of this power of attorney, the undersigned taxpayer(s) henceforth specifically directs and instructs the Internal Revenue Service, including all personnel in the Audit Division, Intelligence Division, and Collection Division, and all employees of the Government of the United States, to have the only and exclusive contacts with the above-named attorneys with respect to any matter specified above until this power of attorney is revoked by me in writing. The power of attorney directed that copies of notices and other written communications addressed to the taxpayer involving the specified matters be sent to Roth at Roth's office address. In February 1982, petitioner received a computer-generated request to extend the period of limitations with respect to his taxable year 1978. The request was mailed to petitioner at his then residence address, 2663 Basil Lane, Los Angeles, California 90024 (the Basil Lane address). It was forwarded by petitioner to Roth, who contacted the Los Angeles office of the Internal Revenue Service, ultimately *36 speaking to Ron Garber (Garber). Garber had been assigned the task of monitoring the period of limitations with respect to H.S. Associates for 1978. On February 24, 1982, Roth informed Garber by telephone that he was the attorney for petitioner and had received the request for extension of the period of limitations. Roth asked the identity of the entity under examination and was told by Garber that Garber could not discuss the matter until a Form 2848 was filed. Roth informed Garber that such a form was already on file with Gima of the Appeals Office and that the form covered the taxable year 1978. Upon Roth's suggestion, Garber contacted Gima; then Garber called Roth and provided him some information concerning the entity under examination with respect to petitioner's 1978 tax year. Petitioner and Roth thereafter decided that the request to extend the period of limitations for 1978 would not be granted. During the telephone conversations between Roth and Garber, Roth did not state to Garber that Roth's address should be used with respect to petitioner's 1978 tax year or that petitioner intended to change his residence address. No further contact occurred between Garber and *37 Roth, and Roth was not thereafter contacted by the Internal Revenue Service with respect to the taxable year 1978. In August 1982, petitioner moved to Cincinnati, Ohio. On September 13, 1982, a statutory notice of deficiency with respect to the year 1978 was sent to petitioner at the Basil Lane address. The notice was returned to respondent undelivered after expiration of the period of limitations with respect to petitioner's 1978 tax liability and was not remailed. In February 1983, petitioner received a Statement of Tax Due for the year 1978, which was mailed to petitioner's Basil Lane address and forwarded to him in Cincinnati. After months of correspondence with various representatives of the Internal Revenue Service, in November 1984, Roth received a copy of the statutory notice of deficiency dated September 13, 1982. The petition herein was filed on December 3, 1984. ULTIMATE FINDINGS OF FACT The Form 2848 Power of Attorney filed with the agent examing petitioner's tax liability for 1970 through 1974 was not clear and concise notification that an address different from that shown on petitioner's return should be used with respect to liability for the year 1978. Prior *38 to mailing of the notice of deficiency for 1978, petitioner had not notified respondent that he had changed his address. As of September 13, 1982, petitioner's last known address was 2663 Basil Lane, Los Angeles, California 90024. OPINION Our jurisdiction depends on a valid statutory notice of deficiency and a timely filed petition. Sections 6213(a) [2] and 7502; Rule 13(c), Tax Court Rules of Practice and Procedure. The petition in this case was not timely filed because petitioner did not actually receive the original statutory notice and did not become aware of it until after the time for filing a petition had expired. Thus, we must grant respondent's motion to dismiss for lack of jurisdiction unless we find, as petitioner contends, that the notice of deficiency did not comply with section 6212 and was therefore invalid. Respondent relies on the safe harbor provision of section 6212(b)(1) that a notice of deficiency is sufficient if mailed to the taxpayer's "last known address." See Berger v. Commissioner,404 F.2d 668 (3d Cir. 1968), *39 affirming 48 T.C. 848 (1967). A statutory notice mailed to the taxpayer's last known address "is valid for all purposes on the date of its mailing even if the taxpayer never receives it." Frieling v. Commissioner,81 T.C. 42, 57 (1983). In Frieling, we summarized and repeated the holdings of prior cases as follows: Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." We have defined it as the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry thus pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address. Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise *40 reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. [Citations omitted. 84 T.C. at 49.] In this case, the notice of deficiency was mailed the month following petitioner's change of residence from Los Angeles to Cincinnati. Roth states: The Form 2848 filed with Mr. Gima [in November 1981] reflected that the taxpayer's address was in care of my then office address. This was done because petitioner anticipated moving and because petitioner wanted all correspondence sent to me regarding such matters as were covered by the Form 2848. There is no indication, however, that Roth or petitioner ever advised respondent's agents that petitioner was moving, and specifically Roth did not do so during his conversation with Garber in February 1982. Petitioner had not moved at that time. Prior to September 1982, respondent was not put on notice that petitioner had moved, and respondent had no reason to attempt to discover an address different than that shown on the return prior to sending the statutory notice. This case is thus distinguishable *41 from the innumerable cases in which notice of change of address was given by the filing of a return for a subsequent year, respondent communicated with the taxpayer at a new address, or the individual agent sending the statutory notice had some reason to believe that the address shown on the return for the year in issue was not the correct address. See, e.g., Cool Fuel, Inc. v. Connett,685 F.2d 309 (9th Cir. 1982); Johnson v. Commissioner,611 F.2d 1015 (5th Cir. 1980); Pyo v. Commissioner,83 T.C. 626 (1984); Frieling v. Commissioner,supra.[3] Petitioner has shown no communications from respondent to petitioner at any address other than the Basil Lane address prior to September 1982. Moreover, Roth did not complain that the request to extend the period of limitations was sent to petitioner at the Basil Lane address in February 1982. Petitioner has cited no case in which a power of attorney form standing alone was found to be adequate notification of a change of address. There are, of course, cases holding that a statutory notice *42 of deficiency sent to an attorney is valid, e.g., Expanding Envelope and Folder Corp. v. Shortz,385 F.2d 402 (3d Cir. 1967); see Mulvania v. Commissioner,769 F.2d 1376 (9th Cir. 1985); D'Andrea v. Commissioner,263 F.2d 904 (D.C. Cir. 1959). That a notice sent to the representative may be valid, however, does not mean that the notice sent to the taxpayer's residence is not valid if that residence is the taxpayer's "last known address" in the usual meaning of the term. In Delman v. Commissioner,384 F.2d 929, 932 (3d Cir. 1967), affg. a Memorandum Opinion of this Court, the Court of Appeals stated: Section 6212(b)(1) was intended to apply only in situations where the Secretary did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify him of a change. This section was enacted to protect the Secretary in this circumstance and is not a sworn to be used by the taxpayer. The language "shall be sufficient" is the first key to this analysis. It immediately suggests that although other means may be equally suitable and, perhaps, even better, the Government is protected *43 if the notice is sent to the last known address. The legislative history of section 6212(b)(1) bears this out. See also Grubart v. Commissioner,T.C. Memo. 1979-409, affd. without published opinion 633 F.2d 203 (2d Cir. 1980). The language of the power of attorney purporting to demand that all communictions to the petitioner with respect to any tax period from 1960 to 1990 be sent to Roth is unreasonably broad and cannot have the effect contended for by petitioner. See Berger v. Commissioner,404 F.2d 668, 672 (3d Cir. 1969); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374-376 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Garber was put on notice only that Roth was authorized to receive information concerning petitioner's tax liability for 1978 -- not that petitioner's address had changed. Under these circumstances, the address shown on the taxpayer's return for the year in issue must be regarded as the "last known address" for purposes of determining the validity of the statutory notice sent to that address. Respondent's motion to dismiss for lack of jurisdiction *44 will be granted, and petitioner's motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be entered.
Footnotes
1. Thus our decision in this case is appealable to the Court of Appeals for the Second Circuit. At the time of hearing of the cross motions in Los Angeles, California, the Court discussed Wallin v. Commissioner,744 F.2d 674↩ (9th Cir. 1984), on the assumption that an appeal would lie to the Court of Appeals for the Ninth Circuit.
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. Compare Tyler v. Commissioner,T.C. Memo. 1985-510↩.