959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert J. WEDEMEYER; Donna L. Kraus, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70140.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert J. Wedemeyer appeals pro se the tax court's decision affirming the Commissioner of Internal Revenue's ("CIR") determination of a deficiency and additions to tax for tax year 1983.[1] Wedemeyer contends that (1) the tax court did not have jurisdiction because the CIR failed to mail Wedemeyer a separate notice of deficiency to his last known address pursuant to 26 U.S.C. § 6212(b)(2); and (2) the tax court erred by finding that the CIR issued its notice of deficiency within the three-year statute of limitations period provided in 26 U.S.C. § 6501(a). We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 * Notice of Deficiency
 
 
 4
 Wedemeyer contends that the notice of deficiency was invalid as to him because the IRS did not send him a copy of the notice of deficiency to his last known address. This contention lacks merit.
 
 
 5
 Generally, to be valid, a notice of deficiency must be sent to the taxpayer's last known address. See 26 U.S.C. § 6212(a); see also 26 U.S.C. § 6212(b)(2) (separate notice requirement for joint return if CIR knows taxpayers are no longer living together). We have held, however, that a notice of deficiency is valid "if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition" in the tax court. Mulvania v. Commissioner, 769 F.2d 1376, 1378 (9th Cir.1985); see also King v. Commissioner, 857 F.2d 676, 679 n. 4 (9th Cir.1988) (a notice of deficiency is "valid if it is actually received by the taxpayer in sufficient time to make a timely petition, or if the taxpayer otherwise learns of the notice and acknowledges it by making a timely petition"); Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir.1975) ("if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of § 6212(a) no matter to what address the notice successfully was sent"), cert. denied, 425 U.S. 979 (1976).
 
 
 6
 Here, Wedemeyer's former wife, Donna Kraus, was sent a valid notice of deficiency addressed to both her and Wedemeyer. Kraus informed Wedemeyer of the notice, and they jointly filed a timely petition for review in the tax court. As the tax court observed, Wedemeyer "received actual notice of the respondent's determination from his former wife and such receipt of actual notice did not prejudice the petitioner." Given these circumstances, the tax court did not err in denying Wedemeyer's motion to dismiss for lack of jurisdiction based on the CIR's failure to send him a copy of the notice of deficiency to his last known address pursuant to 26 U.S.C. § 6212(b)(2). See Mulvania, 769 F.2d at 1378; McKay v. Commissioner, 886 F.2d 1237, 1239 (9th Cir.1989) ("actual notice without prejudicial delay ... meets the conditions of section 6212(a)" (quotations omitted)).
 
 II
 Statute of Limitations
 
 7
 Wedemeyer next contends that the statute of limitation bars collection of the deficiency and additions to tax. This contention also lacks merit.
 
 
 8
 Generally, taxes must be assessed within three years from the date a return is filed. See 26 U.S.C. § 6501(a); Edwards v. Commissioner, 680 F.2d 1268, 1269 (9th Cir.1982). Pursuant to 26 U.S.C. § 7502(a), a taxpayer's return sent by domestic United States mail is deemed to have been filed on the date of the postmark if the return is appropriately wrapped, addressed, and sent "postage prepaid." See 26 U.S.C. § 7502(a)(2)(B).
 
 
 9
 Here, Wedemeyer's 1983 joint tax return was postmarked April 16, 1984. Unfortunately, the letter did not contain sufficient postage and was not delivered to the Internal Revenue Service ("IRS"). In July of 1984, Wedemeyer learned that the letter containing his 1983 tax return had not been delivered and sometime thereafter hand delivered it to the IRS's Santa Ana, California office. The return was stamped "Received" on August 14, 1985. The CIR mailed its notice of deficiency on August 3, 1988.
 
 
 10
 Wedemeyer contends that the return should be considered filed as of April 16, 1984, and thus the statute of limitation expired before the CIR's assessment. This contention lacks merit. Wedemeyer's 1983 tax return was mailed with insufficient postage and consequently was not filed with the IRS. Under these circumstances, section 7502(a)'s postmark provision is inapplicable. See 26 U.S.C. § 7502(a)(2)(B) (return must be sent "postage prepaid"); see also Treas.Reg. § 301.7502-1(b)(2)(c)(ii) (the return "must be deposited ... in the mail in the United States with sufficient postage prepaid").[2]
 
 
 11
 Wedemeyer also contends that, even if the return is not considered filed on the postmarked date, the statute of limitations has run because he hand delivered the return to the Santa Ana office at some date prior to August 3, 1985. Wedemeyer, however, failed to present any evidence to refute the August 14, 1985 "Received" stamp appearing on the return. Accordingly, this argument must fail too. See United States v. Carter, 906 F.2d 1375, 1377 (9th Cir.1990) (statute of limitations is an affirmative defense which the taxpayer bears the burden of pleading and proving).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wedemeyer and Donna L. Kraus, Wedemeyer's former wife, jointly filed a petition for review in tax court. Kraus, however, did not sign the notice of appeal to this court and thus is not a party to this appeal. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986)
 Wedemeyer's contention that this court lost or misplaced the "original" notice of appeal (which allegedly contained both Wedemeyer's and Kraus's signatures) and that the notice of appeal on file is a second notice of appeal, provided at our request, is belied by the record. The notice of appeal in the case file clearly shows that it is the original notice of appeal filed with the tax court on January 28, 1991 and that it was signed by Wedemeyer alone.
 
 
 [2]
 Wedemeyer also contends that the envelope in which the return was mailed shows that the letter was delivered to the IRS because it contains a box checked "refused." The envelope, however, clearly indicates that the letter was returned for insufficient postage. Moreover, Wedemeyer presented no supporting evidence that the letter was presented to the IRS and that the IRS refused delivery. Given these circumstances, Wedemeyer is not entitled to the presumption of filing provided by 26 U.S.C. § 7502(a)