983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth ROSSI; Anita Rossi, dba Princeton Investment
Company, Plaintiffs-Appellants,
v.
UNITED STATES of America; B.J. Peters; James Meler;
Carmen Meler, Defendants-Appellees.
 No. 91-35495.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1992.*
Decided Jan. 14, 1993.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Rossis appeal pro se from the district court's entry of judgment in favor of the defendants in this quiet title action, arguing, inter alia, that the court erred by entering partial summary judgment in favor of the United States and denying their motion for additional discovery under Fed.R.Civ.P. 56(f). We reject their arguments and affirm the district court.
 
 
 3
 The government contends that the district court lacked jurisdiction over this action. We disagree. The Rossis' complaint challenged the procedural aspects of the tax lien, not its merits, and named the buyers as parties-defendant. Under the circumstances, the district court had jurisdiction and the appeal is not moot. See 28 U.S.C. § 2410(a); Arford v. United States, 934 F.2d 229, 232 (9th Cir.1991).
 
 
 4
 The Rossis first argue that the district court improperly admitted into evidence their IRS Certificates of Assessment and Payments, Form 4340. These forms were not inadmissible hearsay but were properly admitted under Fed.R.Evid. 803(8). See Hughes v. United States, 953 F.2d 531, 539 (9th Cir.1992). Moreover, having failed to file a 1985 tax return, the Rossis cannot complain about the untimeliness of the assessment for that tax year. See 26 U.S.C. § 6501(c)(3); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985).
 
 
 5
 The Rossis next contend that the district court improperly denied their request for additional discovery. The record shows, however, that the district court denied the motion only insofar as it related to the tax assessment itself, finding that the Rossis failed to set forth facts clearly explaining how the desired discovery would rebut the presumption of the assessment's validity. There was no abuse of discretion. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986).
 
 
 6
 We also find no merit to the Rossis' argument that the government's IRS Form 3552 notice was insufficient and thereby rendered void the lien, seizure and sale of their property. The notice said that it was a statement of tax due and made formal demand for payment. This was sufficient for purposes of 26 U.S.C. § 6303 and warranted entry of summary judgment. See Elias v. Connett, 908 F.2d 521, 525, 528 (9th Cir.1990).
 
 
 7
 The Rossis next contend that the IRS failed to comply with the statutory dictates governing proper notice of seizures for nonpayment of taxes. Based on our review of the record, we find no clear error with the district court's findings concerning the Rossis' lack of a "usual place of abode" in the revenue district. Moreover, it is undisputed that their Fresno address was the last address known to the IRS, and there is no indication that the Rossis notified the IRS of any change of address from Fresno to Bandon. We therefore reject the Rossis' argument on this issue. See 26 U.S.C. § 6335(a); King v. Commissioner, 857 F.2d 676, 679 (9th Cir.1988).
 
 
 8
 Citing McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir.1981), the Rossis argue that the notice they received was statutorily inadequate because the government failed to prove such notice by offering into evidence return receipts from both Kenneth and Anita Rossi. We have not adopted the rule in McPartlin and the uncontroverted evidence shows that the IRS mailed notices to both Kenneth and Anita, which is all that 26 U.S.C. § 6335 requires. Cf. Mulvania v. Commissioner, 769 F.2d 1376, 1379 (9th Cir.1985).
 
 
 9
 The Rossis next contend that the sale of their seized property was improper because the IRS conducted the sale in Multnomah County instead of Coos County, where the property was located. The Secretary of the Treasury or his delegate may authorize the IRS to conduct a sale of seized property outside the county where the property is located. 26 U.S.C. §§ 6335(d), 7701(a)(11)(B). This authority may in turn be redelegated one or more times to subordinates. 26 U.S.C. § 7701(a)(12)(A)(i).
 
 
 10
 The record shows that the IRS's District Director properly redelegated his authority to "prepare and sign Notices of Sale of seized property when sale is to be held outside the county in which the property is seized" to the Chief of the Collection Division; that agent Duncan's sale of the property was conducted in accord with those documents; and that the Chief of the Collection Division did in fact sign off on the paperwork relevant to the out-of-county sale. We therefore find no error in the district court's conclusion that the sale was properly conducted in Multnomah County.
 
 
 11
 The Rossis' final argument is that the IRS made an unauthorized disclosure of their tax return information. The record shows that any disclosure(s) of the Rossis' tax return information came about as the result of the IRS's issuance of the notice of liens and publication of the notices of sale and seizure in accord with the collection of the Rossis' tax liability following a valid assessment. This was not improper. See 26 U.S.C. § 6103(k)(6); 26 C.F.R. § 301.6103(k)(6)-1(b)(6); Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990) (per curiam).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3