T.C. Memo. 1997-138

UNITED STATES TAX COURT

NICHOLAS O. BACHYNSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4597-96.                          Filed March 17, 1997.

Nicholas O. Bachynsky, pro se.

Melanie R. Urban, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge John J. Pajak pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed an opposition to respondent's motion and respondent filed a response thereto. A hearing was held on respondent's motion. The issue for decision is whether petitioner filed his petition within the time prescribed by section 6213(a).

Respondent determined a deficiency of $54,434 in petitioner's Federal income tax for 1988, together with additions to tax under sections 6651(a) and 6654 of $10,828 and $2,720.80, respectively.

For clarity and convenience, we have combined our findings of fact and opinion. Petitioner resided at the Federal Prison Camp, Tilden, Three Rivers, Texas, at the time he filed his petition.

On November 3, 1995, respondent sent, by certified mail, duplicate notices of deficiency to petitioner at the following addresses:

    1)  FCI Three Rivers 47424-079
        P.O. Box 4000
        Three Rivers, Texas 78071

    2)    7530 Regency Square
            Houston, Texas 77036

Respondent concedes that the second address is not petitioner's last known address, and we will not make any further reference to it.

"FCI Three Rivers" refers to the Federal Correctional Institution located in Three Rivers, Texas.  The notice of deficiency respondent mailed to petitioner at the Federal Correctional Institution was not stamped with a date.  However, U.S. Postal Service Form 3877 indicates that a notice of deficiency for taxable year 1988, bearing petitioner's Federal inmate registration number of 47424-079, was sent by certified mail from the Internal Revenue Service, District Director, Houston, Texas, to petitioner at "FCI Three Rivers, P.O. Box 400, Three Rivers, Texas 78071" on November 3, 1995.  The certified mail number of the notice of deficiency was 15045.  The Postal Service Form 3877 was postmarked November 3, 1995, and was initialed by the receiving Postal Service employee who filled in the total number of items received.

Petitioner filed a petition with the Court on March 14, 1996.  The petition was mailed in an envelope bearing a return address of a Houston law firm and a private postage meter postmark.  The postmark does not contain a date.  March 14, 1996, is 132 days after the date the notice of deficiency was mailed.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988).  Section 6212(a) authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  Once the notice of deficiency has been mailed, the taxpayer has 90 days (150 days if addressed to a person outside the United States) in which to file a petition in this Court.  Sec. 6213(a).

Petitioner claims that he did not receive the notice of deficiency until December 8, 1995.  Petitioner further contends that the notice of deficiency is "void" because the notice was not mailed to his last known address, and it was undated.

In his opposition to respondent's motion, petitioner claims that he has never been in the Federal Correctional Institution, Three Rivers, Texas.  Rather, he states that he has been "at all times" incarcerated in the Federal Prison Camp, Tilden, Three Rivers, Texas.  Petitioner argues that his correct mailing address is as follows:  Federal Prison Camp, Tilden, P.O. Box 4300, Three Rivers, Texas 78071.  Petitioner also argues that the

Postal Service Form 3877 shows an address of "P.O. Box 400" for the Federal Correctional Institute, Three Rivers, rather than the correct address of "P.O. Box 4000".

Based upon the record, including the notice of deficiency attached to petitioner's petition which bears an address of "P.O. Box 4000", we are satisfied "P.O. Box 400" is a typographical error on the Postal Service Form 3877, and that the notice of deficiency was in fact sent to the Federal Correctional Institution, Three Rivers, at P.O. Box 4000. Petitioner's other arguments in his opposition to respondent's motion are at odds with the facts he alleged in the petition he filed with the Court. In his petition, petitioner states that his "legal address" is "FCI Three Rivers, P. O. Box 4000, Three Rivers, Texas 78701." He further states in his petition that he is "incarcerated in the Federal Correctional Institution at Three Rivers, Texas".

Considering all the facts and circumstances, we need not resolve whether respondent mailed the notice of deficiency to petitioner's last known address. As explained below, we conclude that, even assuming arguendo that the Federal Prison Camp, Tilden, address constituted petitioner's last known address, the notice of deficiency was delivered to petitioner at that address without prejudicial delay. Although a deficiency notice properly mailed to a taxpayer's last known address provides the

Commissioner with a "safe harbor" under section 6212(b), it is well settled that an improperly addressed notice is nonetheless valid if the taxpayer receives actual notice of the deficiency determination in a timely fashion, i.e., without prejudicial delay.  McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), affd. 886 F.2d 1237 (9th Cir. 1989); Mulvania v. Commissioner, 81 T.C. 65, 69 (1983).

The Federal Prison Camp, Tilden, is a lower-security satellite facility of the Federal Correctional Institution in Three Rivers, Texas.  All mail for both institutions is processed at the Federal Correctional Institution.  A prison official from the Federal Correctional Institution explained that accountable mail, such as certified mail, is handled with greater care than regular mail.  Accountable mail is logged in by date, by inmate's name and Federal inmate registration number, and by certified number.  A staff member from the inmate's housing unit then signs for the mail.  Thereafter, the staff member from the inmate's housing unit logs it in the log book in the housing unit.  The staff member then notifies the inmate to come and pick up the mail.  The staff member will have the inmate sign for the mail at that time.

A copy of the Federal Correctional Institution's log shows that mail addressed to petitioner, bearing his inmate registration number and a certified number of 15045, was received

by the Federal Correctional Institution on November 7, 1995. It also shows that a staff member from petitioner's housing unit picked up and signed for the mail on November 8, 1995. The housing unit log, and related testimony by the prison official, show that on November 8, 1995, petitioner, as identified by his name, his inmate registration number, and his signature, picked up mail sent by the IRS in Houston, Texas. We find that the housing unit log was signed by petitioner and by the staff member. The only mail item the staff member picked up on that day for petitioner was the certified mail bearing the number 15045.

On this record, we find that respondent mailed the notice of deficiency on November 3, 1995, to petitioner at his mailing address of FCI Three Rivers, P.O. Box 4000, Three Rivers, Texas, 78071. We also find that the certified mail envelope containing the notice of deficiency was delivered to the Federal Correctional Institution on November 7, 1995, picked up by a staff member from petitioner's housing unit on November 8, 1995, and received by petitioner on that date. Consequently, we hold that petitioner actually received the notice of deficiency on November 8, 1995.

With respect to petitioner's argument concerning the lack of a date on the notice of deficiency, we find that the absence of this date has no effect on the 90-day period in the present

circumstances.  We have held that the date of mailing for purposes of computing the 90-day filing period prescribed under section 6213(a) generally is the date that the Commissioner actually places the notice of deficiency in the mail.  See Traxler v. Commissioner, 61 T.C. 97, 99 (1973), modified 63 T.C. 534 (1975); Casqueira v. Commissioner, T.C. Memo. 1981-428.  In the instant case, November 3, 1995, was established as the date of mailing by the postmark on the Postal Service Form 3877. Because petitioner had actual receipt of the notice of deficiency on November 8, 1995, only 5 days after the notice of deficiency was mailed, petitioner had more than adequate time to file his petition with this Court within the period prescribed by section 6213(a).  Consequently, we will grant respondent's motion to dismiss for lack of jurisdiction because petitioner's petition was not filed within the time prescribed by section 6213(a).

To reflect the foregoing,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.