# United States Tax Court

T.C. Memo. 2025-65

LUIS CARLOS IBARRA CANO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 3381-24.                            Filed June 18, 2025.

————

Luis Carlos Ibarra Cano, pro se.

*Estevan D. Fernandez*, *Peter N. Tran*, and *Jessica Thomas*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: This deficiency case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent contends that the Petition was not filed within the time prescribed by section 6213(a) and that the "timely mailed, timely filed" rule of section 7502 is unavailable on the facts of this case.[1] We are not satisfied that respondent has met his burden to show that a valid Notice of Deficiency was issued to petitioner for tax year 2020. We will accordingly dismiss the case on that ground, rather than for lack of a timely Petition.

## *Background*

On January 23, 2023, the Internal Revenue Service (IRS or respondent) issued petitioner a Notice of Deficiency for tax year 2020

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

2

[*2] determining a deficiency of $4,422. The deficiency results from the IRS's determination that petitioner had received wage income, as reported to the IRS on Form W–2, Wage and Tax Statement.

Petitioner's last known address when the Notice of Deficiency was mailed was 220 6th Street, Hempstead, Texas 77445. The Notice was erroneously addressed to him at 2206 TH St. Hempstead, TX 77445-4761. A U.S. Postal Service (USPS) Form 3877, Firm Mailing Book for Accountable Mail, shows that the Notice was sent by certified mail to 2206 TH St. Hempstead, TX 77445. Petitioner petitioned this Court seeking redetermination of the deficiency on February 26, 2024. That date was 400 days after the Notice was mailed on January 23, 2023.

On March 20, 2025, respondent filed a Motion to Dismiss for Lack of Jurisdiction (Motion), urging that the Petition was not timely filed. By Order served March 25, 2025, we directed petitioner to respond to the Motion by April 10. He filed no response.

The case was calendared on the Court's April 14, 2025, Houston, Texas, trial session. When this case was called from the calendar there was no appearance by or on behalf of petitioner. Respondent appeared and requested that his Motion be granted. However, respondent represented that he wished to apprise the Court of certain additional facts that had come to his attention. The Court directed respondent to file a supplemental memorandum for that purpose.

In a Supplement to the Motion filed May 13, 2025, respondent acknowledges that the address shown on the Notice of Deficiency differed from petitioner's correct last known address. But he urges that petitioner must have received the Notice because he attached a copy of it to his Tax Court Petition. In respondent's view, this "establishes that petitioner received the notice without delay, which proves that the [N]otice is valid for purposes of conferring jurisdiction on the Tax Court."

Respondent's counsel further represented that the IRS had conducted additional research regarding the unreported income shown in the Notice of Deficiency. This research indicated that the unreported income "belong[ed] to petitioner's father who shares the same name." Respondent's counsel represented that he "will be handling this case administratively to ensure the correct tax outcome for petitioner's tax year 2020."

[*3]                                    *Discussion*

This Court's jurisdiction in a deficiency case is predicated on a valid notice of deficiency and a timely filed petition. §§ 6213, 7442; Rule 13(a); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166–67 (2022); *Monge v. Commissioner*, 93 T.C. 22, 27 (1989). A notice of deficiency will generally be deemed valid if it is mailed to a taxpayer at his last known address. § 6212(b); *Pietanza v. Commissioner*, 92 T.C. 729, 736 (1989), *aff'd*, 935 F.2d 1282 (3d Cir. 1991) (unpublished table decision); *Frieling v. Commissioner*, 81 T.C. 42, 52 (1983).

The Commissioner bears the burden of proving by competent and persuasive evidence the proper mailing of the notice of deficiency. *Coleman v. Commissioner*, 94 T.C. 82, 90–91 (1990); *O'Neill v. Commissioner*, T.C. Memo. 2025-49, at *5. Generally, if the IRS establishes that the notice existed and produces documentary evidence showing that it was sent to the taxpayer's last known address, the IRS is entitled to a presumption of proper mailing. *See Coleman*, 94 T.C. at 90; *Magazine v. Commissioner*, 89 T.C. 321, 327 n.8 (1987) (holding that USPS Form 3877 constitutes direct evidence of the date of mailing a notice of deficiency).

Upon review of the Notice and the USPS Form 3877 attached to respondent's Motion, we conclude that the IRS failed to issue petitioner a valid Notice of Deficiency for tax year 2020. The Notice and the Form 3877 both show an incorrect address for petitioner. The error evidently arose from the transposition of the digit "6." But this is not a harmless typographical error, as might exist (for example) if the word "Street" had been misspelled. Both documents showed what was almost certainly a nonexistent address. On the record before us, we have no way of knowing how the USPS would have handled delivery of this Notice of Deficiency. We accordingly conclude that the IRS is not entitled to a presumption of proper mailing. *See Magazine*, 89 T.C. at 327 n.8.

A notice of deficiency may be deemed valid, despite an erroneous address, if the taxpayer was not prejudiced by the error. *See Bachynsky v. Commissioner*, T.C. Memo. 1997-138, 73 T.C.M. (CCH) 2340, 2341 (first citing *McKay v. Commissioner*, 89 T.C. 1063, 1069 n.7 (1987), *aff'd*, 886 F.2d 1237 (9th Cir. 1989); and then citing *Mulvania v. Commissioner*, 81 T.C. 65, 69 (1983)). This generally requires that the taxpayer actually have received the notice with sufficient time remaining to petition this Court within the required 90-day period. *See Coleman*, 94 T.C. at 90–91; *Mulvania*, 81 T.C. at 69 (citing *Clodfelter v. Commissioner*,

**[\*4]** 527 F.2d 754, 757 (9th Cir. 1975), *aff'g* 57 T.C. 102 (1971)) (finding no prejudice if a taxpayer timely files a petition with the Court notwithstanding the incorrect address shown on the notice of deficiency).

Respondent urges that he has made this showing here. The fact that petitioner attached to his Petition a copy of the mis-addressed Notice, respondent says, "establishes that petitioner received the [N]otice without delay, which proves that the [N]otice is valid for purposes of conferring jurisdiction on the Tax Court." We do not reach the same conclusion. Petitioner petitioned this Court on February 26, 2024, 400 days after the Notice was mailed. This hardly proves that he actually received the Notice "without delay."

For these reasons, we cannot dismiss this case for lack of jurisdiction on the ground respondent urges, i.e., that the Notice of Deficiency was valid and the Petition untimely filed. Instead we will dismiss the case for lack of jurisdiction because respondent has failed to carry his burden of proving that a valid Notice of Deficiency was mailed to petitioner's last known address and the facts do not show that the Notice was actually received by petitioner in time to petition this Court before expiration of the 90-day filing period. *See Coleman*, 94 T.C. at 90–91; *Monge*, 93 T.C. at 27.

To implement the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*